474 So.2d 500 (1985)
Angelo John LONGO
v.
Ruth Damont LONGO.
No. CA-3026.
Court of Appeal of Louisiana, Fourth Circuit.
August 6, 1985.
Writ Denied November 1, 1985.
*501 Mary Beoubay Petrucelli, Chalmette, for plaintiff-appellee.
Floyd J. Reed, J.D., Appeal Counsel, Reed & Reed, New Orleans, for defendantappellant.
Before GULOTTA, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
Angelo John Longo and Ruth Damonte Longo were divorced on May 11, 1983. After the divorce the parties were unable to amicably settle their claims regarding certain property, and Mrs. Longo filed a partition suit to remedy the matter. The case was heard, and the trial court rendered judgment on June 28, 1984, determining the status of certain property in question as well as determining an amount due as *502 repayment for community funds expended on Angelo Longo's separate property. Ruth Longo appealed the judgment of the trial court and Angelo Longo answered the appeal. We have reviewed the record and affirm the judgment of the trial court as modified.
Angelo and Ruth Longo began their relationship in open concubinage. In 1964, they moved into a house at 4911 Warren Drive, New Orleans, which was owned by Mr. Longo's brother. At the time of their cohabitation, Angelo Longo was married to another woman.
On December 31, 1965, following a divorce from his first wife, Mr. Longo bought the house on Warren Drive by assuming a mortgage balance of approximately $15,000.00 and relinquishing his interest in a restaurant-grill business which the two brothers operated. The share in the grill was valued at $3,000.00. On December 7, 1971, the Longos were married. The couple physically separated in March of 1980. Neither party filed for a legal separation. On January 10, 1983, a petition for divorce was filed and a judgment granting divorce was rendered and signed on May 11, 1983.
During the period of concubinage and following the marriage, the Longos participated in various business ventures. From the time they began living together they pooled their money and paid their living expenses. Testimony at trial indicated that the mortgage payments on the Warren Drive home were made out of these pooled funds. Additionally, after the physical separation, but prior to the petition for divorce, certain repairs and renovations were made to the house by order of Ruth Longo.
The house on Warren Drive was acquired by Mr. Longo while he was unmarried and is, therefore, his separate property. Furthermore, the trial court properly determined the status of the movable property, and the parties should use whatever means are necessary to accomplish a mutually agreeable distribution of the community movables. The issue before this court is the determination of the amount of reimbursement due to Mrs. Longo for funds expended for the benefit of Mr. Longo's separate property. For the sake of clarity, we have set out a chronological sequence of events and will address the issues in that context.

Pre-1971
Prior to their marriage the Longos lived together at the house on Warren Drive. They worked in a restaurant-grill owned in part by Mr. Longo. During this period the parties pooled their money to meet expected expenses. When Mr. Longo purchased the house he assumed the existing loan and exchanged his interest in the restaurant-grill, valued at $3,000.00, with his brother. Mrs. Longo alleges that she advanced $3,000.00 from a personal injury settlement to Mr. Longo to put into the business. Mr. Longo claims that he originally invested $1,200.00 of his own money in the restaurant. We find that the trial court did not err in failing to order Mr. Longo to pay Mrs. Longo $3,000.00. At trial, both parties testified about the source of the down payment for the business. The trial court evaluated the demeanor of the witnesses and made a credibility determination. We find that the trial court's determination is not manifestly erroneous; therefore, we will not disturb its finding. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
Mrs. Longo alleges that the trial court erred when it failed to order Mr. Longo to reimburse her the sum of $4,017.02 representing one-half of the mortgage payments paid during the period of concubinage. She claims that she is owed this reimbursement on the theory that the relationship constituted a partnership to when she contributed from her property and earnings at least one-half of the funds expended. In support of her theory she cites Dodd v. Solomon, 393 So.2d 821 (La.App. 2d Cir. 1981). Dodd is distinguishable from the case at bar.
*503 In Dodd, the concubine was seeking to be declared one-half owner of certain assets acquired during a sixteen-year relationship. The concubine alleged that the relationship constituted a partnership to which she contributed at least one-half of the funds used. The suit was dismissed on an exception of no cause of action. The appellate court reversed and remanded the case, holding that for the purpose of considering the exception, the allegations must be taken as true with the burden of proof to be borne by the plaintiff at trial. Even accepting Mrs. Longo's allegations as true, however, we find that she has failed to carry her burden. Admittedly, both parties put money into the account of which the mortgage payments were paid; but, Mrs. Longo did not establish exactly how much of her money was deposited into the account, and we cannot establish a non-existent "partnership" and assume that each "partner" contributed one-half of the funds expended without proper evidence.

December 7, 1971January 10, 1983
The trial court held that Mr. Longo was indebted to the community for the total of $17,358.61. Although the trial judge does not indicate what this amount represents, it is the sum total of all mortgage payments made on the Warren Drive residence between 1971 and 1983. Although he did not state his reasons for this ruling, the trial judge apparently felt that Louisiana Civil Code article 2364 mandated such a result. Article 2364 provides that when community funds are used for the benefit of the separate estate of one spouse, the other spouse is entitled to reimbursement upon termination of the community.
The parties do not dispute the fact that the payments were made on the mortgage obligation with community funds. Mr. Longo argues that when community funds are used to pay mortgage payments on the separate property of a spouse, if the separate property is used as the marital home, the reimbursement due is that amount equivalent to the principal amount of the mortgage payments made from the community funds. This is correct.
In Hurta v. Hurta, 260 So.2d 324 (La.App. 4th Cir.1972), the couple lived in a home which was the husband's separate property and paid mortgage payments from community funds. There the court applied former Civil Code article 2408 which provided that when separate property increased in value, the other spouse was entitled to one-half of the enhanced value. Thus, when separate property was used as a community home and community funds were used to pay the separate obligation evidenced by the mortgage note, on termination of the community the other spouse was entitled to reimbursement of one-half the principal, but not one-half the interest payments. The court found the enhanced value to be the principal payments on the mortgage note. Further, it reasoned that by providing his separate house as the family home, the husband is actually helping the community in that the use of the home represents an actual, in-pocket dollar savings to the community in the form of rent for another house which the community consequently does not have to spend. Therefore, we find that the reimbursement should be limited to one-half the amount of principal paid on the mortgage notes for the period before January 1, 1980.
Further, we find that the new Matrimonial Regimes Law, Louisiana Acts 709 of 1979, effective January 1, 1980, did not change the result reached in Hurta. While it is true that the current regime provides that the amount of reimbursement is equivalent to one-half of the community funds used, the logic of the code scheme and the theory behind the Hurta decision remain unchanged. La.Civ.Code art. 2364. See Cook v. Cook, 457 So.2d 235 (La.App. 3d Cir.1984). Therefore, we find that only the principal paid on the mortgage payments can be regarded as a debt owed to the community by the separate estate of Angelo Longo. Accordingly, we find that Mrs. Longo is entitled to be reimbursed one-half of the principal paid during the community. From the amortization schedule filed into *504 evidence by Mr. Longo it can be ascertained that the principal expenditures from December 7, 1971 until January 10, 1983, amounted to $7,731.03; Mrs. Longo is entitled to one-half, or $3,865.52.
Mrs. Longo alleges further that she is entitled to $2,215.40 for improvements made to the Warren Drive home following the physical separation, but prior to the termination of the community. These improvements were:

 Central Air and Heating
 Installation $2,950.00
 Insulation 250.00
 Installation of new doors
 and hardware 432.50
 Bathroom renovations 798.29

The sparse testimony in the record indicates that the aforementioned improvements were neither necessary for the maintenance of the property, nor were they requested by Mr. Longo. Additionally, Mr. Longo derived no benefit from the improvements since he did not live in the house at the time, nor is he living in the house at present. However, Louisiana Civil Code art. 2366 states in pertinent part:
"If community property has been used for the acquisition, use, improvement, or benefit of the separate property of a spouse, the other spouse is entitled upon termination of the community to one-half of the amount or value that the community property had at the time it was used."
The facts of this case present an extremely unusual situation we do not believe was contemplated within the purview of Article 2366: the owner of the separate property did not approve of the improvements nor has he been able to realize any benefits from the improvements. Furthermore, the extent of the improvements was not necessary for the maintenance of the separate property. For these reasons, we find Article 2366 inapplicable. Because Mrs. Longo was able to enjoy the benefits of the improvements and expended community funds without the approval of Mr. Longo, she is not entitled to reimbursement.

Subsequent to January 10, 1983
Subsequent to the filing of the divorce petition until the date of trial, Mrs. Longo paid the mortgage on the Warren Drive house. Mrs. Longo claims that she should recover the entire amount of the mortgage payments made by her on the residence during this period. We find that to do so would unjustly enrich Mrs. Longo. At trial Mrs. Longo testified that the residence not only provided a home for her, but also for her grandson who paid nothing for the lodging. She testified further that comparable living accommodations would cost between $300.00 and $500.00 per month. In lieu of paying rent, Mrs. Longo paid the mortgage. She was not a co-owner of the property and had no right to possess the family home rent free; therefore, we find her claim for reimbursement without basis.
Regarding Mrs. Longo's claim for reimbursement of an appraisal fee she incurred in having the home appraised, we find that this is an expense she must bear alone. The appraisal was an unnecessary expense since Mrs. Longo's claims did not rest on the total value of the house.

Right to Reside at 4911 Warren Drive
On August 11, 1983, an ex-parte order was signed giving Mrs. Longo use of the residence on Warren Drive. Although La.R.S. 9:308 permits the trial judge to award the use of the family residence to one of the spouses pending a partition of the community property, we find that an ex-parte order does not fulfill the requirements of the statute which calls for an inquiry into the economic status of the spouses and the best interest of the family. Additionally, the statute awards the use and occupancy of the family residence pending the partition of the community property; here there has been a partition, the residence is deemed to be the separate property of Mr. Longo, and Mrs. Longo must vacate the residence.
*505 For the foregoing reasons we amend the judgment of the trial court reducing the amount that the community is indebted to Mrs. Longo and order Mr. Longo to pay Mrs. Longo the sum of $3,865.52 representing one-half of the principal reduction during the existence of the community.
Furthermore, we reverse the trial court's judgment dismissing Mr. Longo's rule to vacate ex-parte order and order Mrs. Longo to vacate the house on Warren Drive. In all other respects the judgment of the trial court is affirmed with each party bearing his own costs.
AFFIRMED IN PART
AMENDED IN PART
REVERSED IN PART.