WILLIAMS, Judge.
Defendant, Paul S. Graffeo, appeals a trial court judgment which held that a certain bank account was community property. The issue before us is whether the bank account is properly classified as community property or the husband’s separate property, where it was comprised of funds acquired by the husband prior to the establishment of the community property regime, but where the account was carried in the name of the “husband or wife.” We hold that, under the particular facts of this case, the trial court did not err in finding the account was community property. Accordingly, we affirm the judgment of the trial court.
*597 The parties to this litigation were married on April 30, 1983. Prior to the marriage, Mr. Graffeo had an account with State-Investors Savings & Loan Association. The account was in the name of “Paul Graffeo or Deborah Graffeo” (defendant’s daughter) and, after a $2,620.00 withdrawal on April 21, 1983, amounted to $20,370.18.
On May 25, 1983, less than one month after the marriage, the name of defendant’s daughter was removed from the account and replaced with the name of plaintiff/appellee, Gail Graffeo. The account number remained the same. According to the State-Investors records in evidence, interest accumulated and deposits were made on the account in the months following, so that the balance amounted to $24,881.83 on October 7, 1983. On that date, $22,381.83 were withdrawn from the account and transferred into a new account, a certificate listing Paul Graffeo as the sole account holder.[1]
A petition for separation was filed March 7, 1984, a judgment of separation was rendered January 31, 1985, and the parties were divorced on February 1, 1985.
Following the divorce, Ms. Graffeo filed a petition for partition of the community property. Mr. Graffeo filed an answer to and traversal of the petition for judicial partition. The proceedings were referred to a Commissioner, who valued the account at $22,000.00[2] and recommended that it be classified as community property. The trial court initially signed a judgment affirming the recommendation of the Commissioner, then granted defendant’s motion for a new trial as to two issues, one being the classification of the State-Investors account. After a hearing, the trial court adjudged the account community property. It is from this ruling that defendant appeals.
Things in possession of a spouse during the existence of the regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property. LSA-C.C. art. 2340. The separate property of a spouse is his exclusively and includes property acquired by a spouse prior to the establishment of a community property regime. LSA-C.C. art. 2341; Longo v. Longo, 474 So.2d 500 (La.App. 4th Cir.1985), writ den. 477 So.2d 711 (La.1985).
The parties in the instant case do not dispute that the account was Mr. Graffeo’s separate property at the time the community was established. Rather, Mr. Graffeo contends that the placing of his new wife’s name on the account was insufficient under law to transfer his separate property to the community. Under the facts of this case, we disagree.
The Louisiana Civil Code sets forth special rules governing the transfer of separate property into the community. LSA-C.C. art. 2343.1 reads:
The transfer by a spouse to the other spouse of a thing forming part of his separate property, with the stipulation that it shall be part of the community, transforms the thing into community property. As to both movables and im-movables, a transfer by onerous title must be made in writing and a transfer by gratuitous title must be made by authentic act.
The record in the instant case contains the State-Investors form dated May 25, 1983, which names “Paul Graffeo or Gail Graffeo” on the account. It is clear from the record that Gail Graffeo’s name was deliberately placed on the account in place of Deborah Graffeo so that Gail could have access to the account.
Further, the record in this case supports a finding that the transfer was by onerous donation. Gail Graffeo testified that Paul Graffeo placed her name on the account after she gave up her full time job at Mr. Graffeo’s request and moved out of her house. She stated that, in placing her name on the account, Mr. Graffeo provided *598 her with the security that she relinquished to marry him. Mr. Graffeo and his daughter testified that Ms. Graffeo’s name was placed on the account only to provide for her needs in the event that Mr. Graffeo should become incapacitated.
In the area of domestic relations, the trial judge is vested with much discretion, particularly where the weight of the evidence is resolved primarily on the basis of the credibility of witnesses, and the trial court’s factual findings are to be accorded substantial weight on review. Teasdel v. Teasdel, 454 So.2d 886, 890 (La.App. 4th Cir.1984), writ den. 458 So.2d 925 (La.1984). Here, the findings of the trial court are not clearly wrong. We hold that, under the facts of this case, the substitution of Ms. Graffeo’s name on the account constitutes sufficient writing and sufficient indication of intent to transfer the account into the community. But see Young v. Young, 549 So.2d 437 (La.App. 3d Cir.1989).
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.

. The original account was closed on November 10, 1983, four months prior to the filing of a petition for separation.

. It is not clear how the commissioner arrived at this amount. However, the parties apparently do not dispute the valuation.