618 So.2d 896 (1993)
Catherine Jo Ann Smythe LOYACONO,
v.
Henry Joseph LOYACONO.
Nos. 92-CA-914, 92-CA-915.
Court of Appeal of Louisiana, Fifth Circuit.
April 14, 1993.
Rehearing Denied June 17, 1993.
*897 Clive L. Sills, Metairie, for defendant/appellant Henry Joseph Loyacono.
Catherine J.S. Loyacono, in pro per.
WICKER, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Henry Joseph Loyacono, appeals from the district court judgment in favor of plaintiff, Catherine Joanne Smythe Loyacono, his former wife, which partitioned the community property and awarded reimbursements to plaintiff for community funds spent on defendant's separate property and for the enhanced value of the separate property. For the reasons which follow, we affirm.
The parties were married in 1981 and two children were born of the marriage. In 1982, defendant purchased a home from his parents for $37,000. In the act of sale, the property was designated as defendant's separate property and acquired with his separate funds. Plaintiff concurred in the sale, acknowledging the separate nature of the property. The parties lived in this home throughout their marriage. They filed for divorce in 1990. During the existence of the community, certain repairs and improvements were made to the home with community funds. The mortgage notes on the house, assumed by defendant when the house was purchased, were paid with community funds. At the time of the trial, the house was listed for sale for $67,000.
On May 24, 1991 defendant filed a Petition to Partition Community Property. Trial was held on September 24, 1991 and judgment was rendered and signed on November 26, 1991. The trial court awarded plaintiff reimbursement of $2,935 for improvements made to defendant's separate property and paid with community funds. The trial court also awarded plaintiff reimbursement for the mortgage note payments that were attributable to the principal portion of the mortgage note on the defendant's separate property. Finally, the trial court determined that defendant's separate property had increased in value from $37,000 (purchase price) to $67,000, largely due to the "uncompensated common labor or industry of the spouses", and awarded plaintiff one-half of the enhanced value of the property.
Defendant appeals from the judgment of November 26, 1991, contending that the trial court erred in each of its rulings and also failed to consider certain reimbursements that were due each party for the *898 payment of community debts with separate funds.
The law concerning claims for reimbursement between spouses upon termination of the community is set out in La.C.C. arts. 2358-2368. More specifically, as applies to this case, La.C.C. art. 2366 provides, in pertinent part:
If community property has been used for the acquisition, use, improvement, or benefit of the separate property of a spouse, the other spouse is entitled upon termination of the community to one-half of the amount or value that the community property had at the time it was used.
The trial court found that improvements of $5,870 were made to defendant's separate property with community funds. Under La.C.C. art. 2366, plaintiff is due reimbursement for one-half of the community property spent on these improvements. No error is alleged on this point.
Defendant paid the monthly mortgage note on his separate property with community funds. The trial court properly ruled that La.C.C. art. 2364 applies to this issue. That article provides:
If community property has been used to satisfy a separate obligation of a spouse, the other spouse is entitled to reimbursement upon termination of the community property regime for one-half of the amount or value that the property had at the time it was used.
The court held, under this provision and Longo v. Longo, 474 So.2d 500 (La.App. 4th Cir.1985), that plaintiff was entitled to reimbursement to the extent that the mortgage payments reduced the principal balance on the mortgage note. Defendant contends herein that the court erred in this regard. Defendant argues, under La.C.C. art. 2360, that the obligation to pay the mortgage note should be considered a community obligation and thus no reimbursement is due. La.C.C. art. 2360, upon which defendant relies, provides:
An obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation.
Defendant argues that the mortgage obligation was for "the common interest of the spouses" since it was to pay for the family home. He overlooks the fact that the "family home" was purchased during the existence of the community and specifically as his separate property. To the extent that the mortgage payments reduced the principal obligation on his separate property, it was not "for the common interest of the spouses" but for defendant's interest alone. The trial court did not err in its ruling on this issue.
Defendant next argues that the trial court erred in awarding plaintiff one-half of the enhanced value of the defendant's separate property. Defendant contends that it was the plaintiff's burden to prove that the increase in value of the spouse's separate property is a result of uncompensated common labor and industry of the spouses. Defendant argues that plaintiff did not meet her burden in this regard.
The trial court pointed out, in its judgment, that the parties stipulated to the fact that the property in question was purchased for $37,000 and at the termination of the community was listed for sale for $67,000.[1] The court further found that the increase in value "largely resulted from the uncompensated common labor or industry of the spouses during the marriage." The court held that plaintiff was entitled to one-half of the enhanced value of the property, relying on Abraham v. Abraham, 87 So.2d 735 (La.1956). From the record before us on appeal, we cannot say that the court erred in this factual finding.
Finally, defendant argues that the trial court erred in failing to award reimbursements to each spouse for separate property that they used to pay community debts. He does not elaborate further on this argument and it is difficult to fully understand *899 with only a limited record. However, according to memos and descriptive lists filed by the parties, it appears that there was a slight difference between what each of the parties had spent in this regard. Thus, it is probable that the trial court omitted the awards because they, in effect, cancelled each other. In any event, there is no showing here that the trial court erred in failing to include such awards in the judgment.
Accordingly, for the reasons stated above, the judgment of the trial court, awarding plaintiff reimbursement for one-half of the mortgage payments attributable to a reduction in the principal balance of the mortgage on the defendant's separate property, for one-half of the community funds spent on improvements on defendant's separate property, and for one-half of the enhanced value of the separate property, subject to a credit for the improvements, is affirmed. Plaintiff is assessed for costs of appeal.
AFFIRMED.
NOTES
[1] The record here indicates that defendant, by letter dated September 28, 1992, designated only portions of the record he wanted transcribed for appeal. Accordingly, we are limited by this in our independent review and confirmation of the facts of the case.