517 So.2d 264 (1987)
Robert F. PARKER
v.
Jean Frey PARKER.
No. 86 CA 1286.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
Edwin W. Fleshman, Baton Rouge, for plaintiff-appellant Robert F. Parker.
William H. Cooper, Baton Rouge, for defendant-appellee Jean Frey Parker.
Before WATKINS, CARTER and CHIASSON[*], JJ.
CARTER, Judge.
The issue presented in this appeal is whether the trial judge properly excluded from reimbursement between the spouses one-half the interest on separate mortgage payments made with community funds.

FACTS
Appellant, Robert F. Parker, and appellee, Jean Frey Parker, were married on October 10, 1981, and were separated by judgment dated June 20, 1984. Prior to the marriage, appellee purchased a townhouse in Sharlo Subdivision, which was mortgaged to Fidelity National Bank. During the existence of the community, thirty-one mortgage payments on this debt were made with community funds. The parties amicably partitioned all of the assets and liabilities of the former community of acquets and gains, except appellant's reimbursement rights for the mortgage payments made with community funds. While the parties have agreed that appellant is entitled to reimbursement of one-half the *265 community funds used to reduce the principal portion of this debt, appellant seeks reimbursement for one-half the $16,350.00 of community funds used to pay the interest.
On August 8, 1986, the trial judge rendered judgment in favor of appellee and against appellant, denying him reimbursement of one-half the community funds used to pay the interest.
From this judgment, appellant appeals.

DISCUSSION
The sole issue before us is whether appellant is entitled to be reimbursed for one-half the community funds used to pay the interest on the mortgage note on appellee's separate property when the property was used as the family home.
In Spaht and Samuel, "Equal Management Revisited: 1979 Legislative Modifications of the 1978 Matrimonial Regimes Law," 40 La.L.Rev. 83, 141-142 (1979), the right of reimbursement is discussed as follows:
The right of reimbursement upon termination of the community is the major vehicle for adjusting claims between spouses.356 Although there previously had been only one article in the Civil Code on reimbursement,357 several appear in Act 709.358 Basically, the new articles attempt to legislate the jurisprudential applications of article 2408. However, the new articles do differ from their predecessor in the measure of reimbursement. Previously, under article 2408, reimbursement due a spouse was one-half the enhanced value of separate property improved by common labor or expense. In contrast, under articles 2364-2367, the amount of reimbursement is determined by the amount of property used or its value. The policy reflected in the change in the measure of reimbursement is to treat the advance as an interest-free loan, rather than an investment. The risk of loss is eliminated, but so is the risk of gain. In one instance, however, under the new legislation the investment formula for calculating the amount of reimbursement is retained; if a spouse's separate property increases in value due to the labor of either, the other spouse is entitled to one-half the increase in value.359
Preceding the articles on calculating reimbursement in Act 709 are provisions defining community and separate obligations.360 Under article 2360, as under Act 627 of 1978, the definition of a community obligation includes one incurred during the regime for the common interest of the spouses.361 The definition in Act 709, however, also includes an obligation incurred for the interest of the other spouse. The additional language added in Act 709 significantly expands the category of community obligations. The practical effect of the expansion in definition is to reduce the occasions for reimbursement when community funds are used and to increase them when separate funds are utilized. Under Act 709, as in the 1978 legislation,362 it is possible for an obligation to be in part community and in part separate363for example, in the case of an obligation incurred by one spouse for the improvement of his separate estate, the fruits of which are community if not reserved as separate. The obligation would be partially separate and partially community, to be determined by the extent to which the community benefited. *266 Under former LSA-C.C. art. 2408, when separate property increased in value, the other spouse was entitled to one-half the enhanced value. Thus, when separate property was used as a community home, and community funds were used to pay a mortgage note incurred as a separate obligation, upon termination of the community the other spouse was entitled to reimbursement of one-half the principal, but not one-half the interest payments. Hurta v. Hurta, 260 So.2d 324 (La.App. 4th Cir.1972). Neither the codal underpinnings nor the logic of Hurta were changed by the new Matrimonial Regimes Law (Acts 1979, No. 709), effective January 1, 1980, as applied to the present issue.
It is true that LSA-C.C. arts. 2364 and 2366 changed the measure of reimbursement from one-half the enhanced value to one-half of the community property so used. However, applying the reasoning of Hurta and looking at the present laws in pari materia, we note that the fruits and revenues of appellee's separate property (unless reserved by her) belonged to the community. LSA-C.C. art. 2339. The use of appellee's separate residence by the community was an enjoyment of the "natural and civil fruits" of the separate property. The cost of the benefit to the community included the payment of interest. Succession of Ratcliff, 209 La. 224, 24 So.2d 456 (1945). The principal payment on appellee's note went to the satisfaction of a separate obligation under LSA-C.C. art. 2364, as well as to the "acquisition ... or benefit of the separate property" under LSA-C.C. art. 2366 and did not benefit the community. Therefore, the payment of the principal with community funds entitles the other spouse to reimbursement. On the other hand, the payment of interest benefited the community because this was a cost of maintaining the natural and civil fruits of this separate property for the community's use. Therefore, the interest cost should not be included in the amount to which the other spouse is entitled to reimbursement. Longo v. Longo, 474 So. 2d 500 (La.App. 4th Cir.1985), writ denied, 477 So.2d 711 (La.1985); Cook v. Cook, 457 So.2d 235 (La.App. 3rd Cir.1984); Willis v. Willis, 454 So.2d 429 (La.App. 3rd Cir. 1984).
Therefore, we find that the trial judge correctly denied appellant reimbursement of one-half the community funds used to pay the interest on the mortgage note on appellee's separate property.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the death of Judge John S. Covington.

356. LA.CIV.CODE art. 2358 (Supp.1979).
357. LA.CIV.CODE art. 2408 (repealed 1979).
358. LA.CIV.CODE arts. 2358-68 (Supp. 1979).
359. LA.CIV.CODE art. 2368 (Supp.1979).
360. LA.CIV.CODE arts. 2359-63 (Supp. 1979).
361. LA.CIV.CODE art. 2360 (Supp.1979) provides:
"An obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation."
362. LA.R.S. 9:2852(G) (Supp.1978) (repealed 1979).
363. LA.CIV.CODE art. 2363 (Supp.1979) provides: "[A]n obligation incurred for the separate property of a spouse to the extent that it does not benefit the community, the family, or the other spouse, is likewise a separate obligation. See also LA.CIV.CODE art. 2360, comment (c) (Supp.1979), which reads: "Thus, an obligation may be in part a community obligation and in part a separate obligation of the spouse who incurred it."