GOTHARD, Judge.
This is an appeal by the former Mrs. Ethel Rae Guttuso from an April 14, 1988 judgment of the 24th Judicial District Court, which partitioned the community property between her and her former husband, Mr. Frank Guttuso.
The Guttusos were married in June, 1972 and divorced in June, 1982. The parties stipulated that their first community terminated on June 9, 1982. They remarried in February, 1983 and were divorced in October, 1985. The parties stipulated that their second community terminated on June 1, 1985.
Mrs. Guttuso has four objections to the judicial partition. Her first two complaints *1294 deal with two of the reimbursements which the court ordered that she make to Mr. Guttuso as follows:
REIMBURSEMENTS OWED TO MR. GUTTUSO FROM MRS. GUTTUSO:
One-half of separate funds used to pay mortgage on Washington Parish property (Total = $4,620.00, $154.00 mo. X 30 mons.)
$2,310.00
One-half of separate funds used on community home (Total = $6,000)
3,000.00
We agree with Mrs. Guttuso that the trial judge erred in ordering her to reimburse her former husband for one-half the mortgage payments he made on the community property from the date of their divorce to the date of the judicial partition in the amount of $4,620.00. This amount was paid in lieu of Mr. Guttuso’s obligation to support his four children, who were in the sole custody of Mrs. Guttuso. Mr. Guttuso is not entitled to reimbursement out of the community for that amount. Phillips v. Wagner, 470 So.2d 262 (La.App. 5th Cir.1985) writ denied 474 So.2d 948 (La.1985).
We disagree, however, with Mrs. Guttuso’s contention that the trial court erred in ordering her to reimburse her husband $3,000, representing one-half the amount of $6,000 he spent of his separate funds to build their community home in Washington Parish. The parties testified that Mr. Guttuso’s mother gave him yearly gifts of money with Mr. Guttuso documenting some $18,000 given to him from 1980 to 1985. Although Mrs. Guttuso’s testimony further indicated that some of this amount were gifts to the couple, the trial judge determined that $6,000 of the gift money was used to build the community home. We do not find this to be manifest error. Accordingly, we find the trial judge correctly ordered Mrs. Guttuso to reimburse one-half of this amount to her former husband.
Mrs. Guttuso thirdly faults the trial court for failing to include within the partition an order that Mr. Guttuso reimburse her for $6,984.78 of her separate funds used to pay a community mortgage. She claims this amount was deducted from the gross proceeds of the sale of her separate property in Kenner, Louisiana on May 16, 1979, and used to pay off a community mortgage loan.
We have reviewed the May 16, 1979 settlement statement of the sale of Mrs. Guttuso’s separate property in Kenner, Louisiana, which does show that $6,984.78 was deducted from the gross proceeds of the sale ($38,900) to pay off a second mortgage loan then existing on the property. However, Mrs. Guttuso, though claiming the $6,984.78 mortgage was a community debt, has failed to present us with sufficient proof of her claim. She has not provided us with how, or by whom the mortgage money was used. For instance, if the funds were used for the benefit of her separate property, no reimbursement would be due. See Succession of Blythe, 496 So.2d 1180 (La.App. 5th Cir.1986) writ denied 498 So.2d 15 (La.1986). Accordingly, in the absence of sufficient proof for the claimed reimbursement, and otherwise finding no manifest error, we decline to upset this portion of the partition judgment.
Lastly, Mrs. Guttuso faults the trial court’s listing of a $2,000 community debt to Mrs. Guttuso’s sister. Mrs. Guttuso claims that this amount was used by her former husband to buy himself a Thunderbird after the dissolution of the community.
In March, 1983, Mr. Guttuso borrowed $4,000 from his sister. He used $2,000 of this amount on the community house. The remaining $2,000 he used to purchase a Thunderbird in 1986. These facts support the trial court’s listing of a $2,000 community debt owed to Mr. Guttu-so’s sister.
For the reasons discussed, we reverse the trial court’s order that Mrs. Guttuso reimburse Mr. Guttuso for the mortgage payments he made on their community home from the date of their divorce to the date of the judicial partition, and we remand for whatever further proceedings may be required.
*1295 REVERSED IN PART AND REMANDED.