631 So.2d 1385 (1994)
Diana ROQUE
v.
Raymond TATE.
No. 93-CA-389.
Court of Appeal of Louisiana, Fifth Circuit.
February 9, 1994.
Esperanza Diaz Briscoe, Braden, Gonzalez & Ormond, New Orleans, for plaintiff/appellant.
Don C. Gardner, Harahan, for defendant/appellee.
Before DUFRESNE, GOTHARD and CANNELLA, JJ.
GOTHARD, Judge.
This is an appeal of a trial court decision, ordering plaintiff/appellant to reimburse defendant/appellee one-half of the sum paid by appellee on the community home after termination of the community. Appellant also appeals the trial court's denial of her motion for new trial. For the following reasons, we amend, and as amended, affirm.
On May 13, 1985, a judgment of divorce was granted in favor of appellee, Raymond Tate and against appellant, Diana Roque (formerly Diana Roque Tate). Ms. Roque was awarded custody of the two minor children *1386 and Mr. Tate was ordered to pay child support of $86.15 weekly, the house note on the family home where Ms. Roque was permitted to live, medical insurance and school tuition. The community property was not partitioned. On August 16, 1985, possession of the former family home, which was purchased during the existence of the community of acquets and gains, was granted to Mr. Tate after Ms. Roque moved with their two minor children to Guatemala.
On June 17, 1986, Ms. Roque filed a petition for partition of the community property. On August 8, 1991, a trial on the merits of the community property partition was held. On June 16, 1992, the trial court rendered judgment, granting to Mr. Tate reimbursement from the community the sum of $11,158.00, which represented half of his separate funds paid towards the mortgage indebtedness on the community home after the divorce was granted.
Ms. Roque filed a motion for new trial, alleging that the judgment was contrary to the law and evidence and that a letter Mr. Tate sent to the trial judge after the trial on the merits constituted newly discovered evidence, which improperly tainted the trial. By judgment dated December 22, 1992, Ms. Roque's motion was denied. This appeal followed.

REIMBURSEMENT
On appeal, Ms. Roque argues that while a spouse is entitled to reimbursement for separate funds used to pay a community obligation after the community has terminated (LSA-C.C. art. 2365), after termination, the laws of co-ownership apply (LSA-C.C. art. 2369.1). Her argument continues that, pursuant to LSA-C.C. art. 806, Mr. Tate's reimbursement for the mortgage payments should be reduced in proportion to the value of his enjoyment (i.e., he lived in the home "rent-free" while she paid rent elsewhere). Appellant's reliance on C.C. art. 806 is misplaced. Article 806, which addresses a coowner's right to reimbursement for expenses paid on the co-owned property, provides:
A co-owner who on account of the thing held in indivision has incurred necessary expenses, expenses for ordinary maintenance and repairs, or necessary management expenses paid to a third person, is entitled to reimbursement from the other co-owners in proportion to their" shares.
If the co-owner who incurred the expense had the enjoyment of the thing held in indivision, his reimbursement shall be reduced in proportion to the value of the enjoyment.
Under the provisions of this article, Ms. Roque argues that she should have been given an offset for the value of Mr. Tate's enjoyment of the property since he occupied it to her exclusion during the time in question. She contends the trial court erred in not giving her that offset. However, the heading of art. 806 is: "Expenses of maintenance and management." Under 806, a coowner who has incurred necessary expenses or maintenance and management expenses is entitled to reimbursement from the other coowners; except that if he who incurred these expenses had the enjoyment of the thing, the reimbursement is to be reduced in proportion to the value of his enjoyment. A mortgage is not such an expense, it is "a nonpossessory right created over property to secure the performance of an obligation." LSA-C.C. art. 2378. Moreover, the Tate mortgage was not incurred by Mr. Tate, it was an obligation which attached against Mr. Tate and Ms. Roque (the community) at the moment of sale.
Ms. Roque argues that since Mr. Tate was able to live in the community home while she paid rent elsewhere, Mr. Tate enjoyed a windfall by also not having to pay rent. However, "rent" cannot be awarded to Ms. Roque in this instance. LSA-R.S. 9:374(C) provides:
A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
*1387 While there has been some conflict in our appellate circuits on whether a trial court is precluded under R.S. 9:374(C) from awarding rent for use of the community home pending the partition where no such rent was awarded at the time the use was designated,[1] in the matter before us, no rent was ordered by the trial court at any time, nor was any rental agreement between the spouses made.[2] LSA-R.S. 9:374(C) (formerly LSA-R.S. 9:308(C), which was amended by Act 678 of the 1986 Louisiana Legislative Session) applies retroactively. Allen v. Allen, 602 So.2d 759, 761-62 (La.App. 3rd Cir. 1992). Accordingly, Ms. Roque is not entitled to rental payments as an offset to any reimbursement owed Mr. Tate.
The controlling law in this situation is LSA-C.C. art. 2365, which provides in pertinent part:
If separate property of a spouse has been used to satisfy a community obligation, that spouse, upon termination of the community property regime, is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used. The liability of a spouse who owes reimbursement is limited to the value of his share in the community after deduction of all community obligations.
Read together with C.C. art. 2358 (making the claim for reimbursement a personal right asserted by one spouse against the other), Mr. Tate is entitled to reimbursement from Ms. Roque for one-half of his separate property which he used to satisfy the community obligation pending the partition of the community property. Williams v. Williams, 590 So.2d 649 (La.App. 3d Cir. 1991); Oliver v. Oliver, 561 So.2d 908, 911-14 (La.App. 2nd Cir.1990). At the trial on August 8, 1991, Mr. Tate's uncontroverted testimony was that he paid a total of $22,216.00 in separate funds towards the community obligation. The June 16, 1992 judgment awarded Mr. Tate $11,158.00.[3] Insofar as the amount of judgment is in error, we hereby amend the judgment to award Mr. Tate $11,108.00 as reimbursement for one-half of his separate property paid toward the community obligation. Pursuant to the second sentence of art. 2365 above, this claim is to be satisfied from Ms. Roque's share of the net value of the community.[4]

NEW TRIAL
Ms. Roque also appeals the December 22, 1992 judgment which denied her motion for new trial. She argues that pursuant to LSA-Code Civ.Proc. art. 1972(1) and (2), she is entitled to a new trial because the decision of the court was contrary to the law and evidence and newly discovered evidence admitted into the record ex-parte improperly tainted the trial.
LSA-Code Civ.Proc. art. 1972 provides in pertinent part:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
Mr. Tate, subsequent to the trial and before judgment was rendered, wrote an exparte letter to the trial judge, which was placed in the court record. Ms. Roque urges the Tate letter improperly tainted the trial *1388 and constitutes "newly discovered evidence which is not cumulative and which would tend to change the result of the case ..." Barker v. Rust Engineering Co., 428 So.2d 391, 394 (La.1983).
We find that the letter neither constitutes newly discovered evidence nor does it tend to change the result of the case, especially since the letter failed to mention reimbursement the only claim appealed by Ms. Roque. We find that the trial court judgment is supported by the evidence and the wealth of law on the subject and the trial judge did not abuse his great discretion. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993).
For the foregoing reasons, we amend the judgment to provide that reimbursement to Mr. Tate be made from Ms. Roque's share of the net value of the community in the amount of $11,108.00. In all other respects, the judgment of the trial court is affirmed.
AMENDED, AND AS AMENDED, AFFIRMED.
CANNELLA, J., dissents.
CANNELLA, Judge, dissenting.
I respectfully dissent from the majority opinion because I believe that the trial court erred in ordering plaintiff to reimburse defendant for one-half of the mortgage payments he made, after termination of the marriage, on the family home which he occupied. I reach this conclusion for several reasons.
First, we have a line of cases in this circuit which clearly holds that the husband, who pays the mortgage on the family home with his separate property when ordered to do so as part of his child support obligation, as here,[1] is only entitled to reimbursement of one-half of the principal portion of those payments and not one-half of the whole mortgage payment. Halverson v. Halverson, 589 So.2d 1153 (La.App. 5th Cir.1991), writs denied, 600 So.2d 655 (La.1991); Guttuso v. Guttuso, 540 So.2d 1293 (La.App. 5th Cir. 1989); Lowe v. Lowe, 463 So.2d 755 (La.App. 1985). Based on this line of cases and the record before us, the trial court erred in awarding defendant reimbursement for the mortgage payments in excess of one-half of the principal amount.
Furthermore, in my view, even if the mortgage payments were not ordered as part of the child support obligation, nothing more than one-half of the principal payments should be awarded. The result should be the same in this case as in the reverse situation where community property is used to pay the mortgage note on one spouse's separate property, which is used as the family home. Parker v. Parker, 517 So.2d 264 (La.App. 1st Cir.1987); Longo v. Longo, 474 So.2d 500 (La.App. 4th Cir.1985); Cook v. Cook, 457 So.2d 235 (La.App. 4th Cir.1984); Hurta v. Hurta, 260 So.2d 324 (La.App. 4th Cir.1972). The rational behind those cases is that the use of the separate asset by the community was an enjoyment of the natural and civil fruits of the separate property for which the community must bear the cost. In other words, the interest costs paid by the community on the separate property of one spouse that is being occupied by the community are not reimbursed because they are considered a business cost of maintaining and using the natural and civil fruits of the property. Likewise, in this case, defendant should not be allowed reimbursement of the interest costs he paid while having the exclusive separate use and occupancy of the community property. As in the reverse situation described above, those costs should be borne by defendant as part of his maintenance and use of the natural and civil fruits of the community property by his separate estate.
Every other result causes defendant to be unjustly enriched. Plaintiff was required to pay rent to house herself and the minor children. If defendant is reimbursed as he requests, the effect is to allow him to live rent-free during that six-year period. This is precisely the kind of unjust result that the *1389 Legislature sought to remedy in enacting La. R.S. 9:374(C). It's purpose is to enable the courts to allow an offset as rental for the use and occupancy of the family home, when, as here, the circumstances warrant it and it has not been previously precluded by earlier agreement or judgment. Thus, I respectfully disagree with the majority that La. R.S. 9:374(C) precludes diminution of defendant's reimbursement award by a rental set-off.
I also disagree with the majority that La. R.S. 9:374(C) can be applied retroactively, as interpreted in this case. The majority interprets the provision to preclude a rental award unless it was made at the time use of the home was granted. It then applies the provision to a situation where the use was granted before the statute was enacted. In the case relied on by the majority to support retroactive application, Allen, supra, the court did not interpret the statute to preclude rent, but interpreted it to afford the trial court a discretionary remedy to apply in equitably partitioning the community. As a discretionary tool to promote equity, the court was correct that it could be applied retroactively. See, Burrell v. Burrell, 518 So.2d 569 (La.App. 4th Cir.1987). The majority here chooses to interpret the statute restrictively, to preclude a rental award absent a prior award of use in the judgment. I feel that it cannot be applied retroactively to a case where the judgment of use was rendered before the statute was enacted.
I believe that the majority misconstrues the case as one where plaintiff has sought an award rather than defendant. The issue before the court is not whether plaintiff is entitled to rent, but whether defendant is entitled to reimbursement against plaintiff of $11,108 of separate funds that he voluntarily spent, pursuant to a judgment, in favor of the community. It is his burden to prove that he is entitled to that award. In this case, where defendant enjoyed the exclusive use of the property in question, disobeyed a court order to pay the "house note" as part of his child support obligation and was unjustly enriched by living rent-free, he has not, in my view, met his required burden.
Accordingly, I dissent from the majority opinion.
NOTES
[1] See Barr v. Barr, 613 So.2d 1159, 1162-63 (La.App. 5th Cir.1993).
[2] While Ms. Roque filed a Rule to Show Cause on November 9, 1989, asking for rent from Mr. Tate, the rule was never pursued. A hearing was set on November 15, 1989, and heard on another matter. The record is devoid of any further action being taken on the rental demand.
[3] In rendering judgment, the trial judge apparently relied on the erroneously stated figure in Mr. Tate's post-trial memorandum ($22,316.00) to reach the figure of $11,158.00 owed to Mr. Tate as reimbursement.
[4] See also Sellers v. Landry, 489 So.2d 440 (La. App. 3rd Cir.1986); Davezac v. Davezac, 483 So.2d 1197 (La.App. 4th Cir.1986); and, K. Spaht and L. Hargrave, Matrimonial Regimes § 714, at 285-287, in 16 Louisiana Civil Law Treatise (1989).
[1] In the December 3, 1984 judgment on child custody, plaintiff was given sole custody of the two minor children and permitted to live in the family home. Defendant was ordered to pay child support in the amount of $100 per week, the house note, medical insurance and school tuition. Subsequently, in the May 13, 1985 divorce judgment, plaintiff was again awarded sole custody, child support was reduced to $86.15 and defendant was ordered to pay the house note, medical insurance and school tuition.