751 So.2d 354 (2000)
Sandra S. ROGER
v.
Ricky J. ROGER.
No. 99-CA-765.
Court of Appeal of Louisiana, Fifth Circuit.
January 12, 2000.
Writ Denied March 31, 2000.
*355 Brenda Braud Birner, Birner & Birner, LaPlace, Louisiana, Attorney for Plaintiff/Appellee.
Harry J. Boyer, Jr., Frank G. DeSalvo, New Orleans, Louisiana, Attorneys for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and SUSAN M. CHEHARDY.
GOTHARD, Judge
This is an action for partition of community property. The defendant, Ricky Roger, appeals a judgment of the trial court which casts him in judgment to his former wife for $4,260.97 in the final accounting of the partition. The only issue presented on appeal is whether the trial court was correct in ordering Mr. Roger to reimburse his wife for one-half of the mortgage notes made on the family home during the pendency of the partition of the community. Specifically, Mr. Roger argues the trial court erred in using the total amount including principal and interest paid in the computation.
The designated record shows that the parties were divorced by judgment rendered on October 17, 1995. The community of acquets and gains was terminated retroactively to the date of the filing of the petition for divorce, February 23, 1995. A petition for partition was filed by Mr. Roger on November 7, 1996. Both parties provided the court with sworn descriptive lists.
On January 8, 1998, the trial court conducted a hearing on the partition. At that time, the parties stipulated to the value of the net estate, the allocation of assets and liabilities, and other reimbursement claims. The only issue upon which the parties did not agree was the amount to which Mrs. Roger was entitled in the reimbursement for payment of mortgage notes on the family home made out of her separate property. Mr. Roger contended that the reimbursement amount should be based on the amount of the principal only. Mrs. Roger argued the base amount should be the total note, including principal and interest. As a result of the hearing on January 8, 1998, the trial court rendered a judgment on June 29, 1998 which decreed that Mrs. Roger was "entitled to reimbursement of one half of her separate funds used to satisfy the community obligation, on the mortgage note, including principal and interest, from February 23, 1995 to January 8, 1998". A *356 subsequent judgment was rendered on December 8, 1998 which completed the partition and decreed that Mr. Roger pay to Mrs. Roger the sum of $4,260.97, a figure which included the reimbursement to which Mr. Roger objects on appeal.
Mr. Roger filed a motion for new trial on December 16, 1998, which was denied by the trial court on March 17, 1999. Mr. Roger filed an appeal from the denial of the new trial judgment, but not from the judgment of which he complains. The denial of a new trial is not an appealable judgment absent a showing of irreparable harm. Weston v. Raymond Corp., 531 So.2d 528, (La.App. 5 Cir.1988), writ denied 533 So.2d 360 (La.1988). However, it appears from appellant's brief that his intent is to appeal from the judgment on the merits. Pursuant to C.C.P. article 2164, we will consider the appeal from the judgment on the merits. Id.
As previously stated, the only issue for our consideration regards the reimbursement to Mrs. Roger for separate funds paid to meet the community obligation of two mortgages on the family home during the time she had exclusive occupancy.
In brief to this court, Mr. Roger maintains he should only be liable for one-half of the principal on the mortgage payments made. In support of that assertion, he argues that Mrs. Roger has had the benefit of a tax deduction, and that she has had the use of the family home without having to pay rent. From the designated record before us we are unable to determine if either of these arguments were presented to the trial court for consideration. Further, Mr. Roger has offered no evidence to support his claim regarding deductions taken. Thus, we cannot find error in the trial court's ruling based on this argument.
Mr. Roger admits he did not request the court to order Mrs. Roger to pay rent on the family dwelling while she had exclusive occupancy. However, Mr. Roger suggests to this court that the laws regarding co-ownership should apply pursuant to LSA-C.C. article 806[1]. Accordingly, he asserts his reimbursement should be reduced in proportion to the value of the enjoyment of living in the house.
Regarding the argument on rental value, we find guidance in LSA-R.S. 9:374 C, which provides that:
A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
A clear reading of the above cited statute convinces this court that, in the absence of a court order or an agreement by the parties concerning the payment of rent, the trial court did not err in failing to grant an offset for rental payments to Mr. Roger.
This court has considered the argument advanced by Mr. Roger concerning the offset for the value of enjoyment of the home as a co-owner in Roque v. Tate, 93-389 (La.App. 5 Cir. 2/9/94), 631 So.2d 1385, writ not considered, 94-625 (La.4/29/94), 637 So.2d 457. In that case we explained:
... Under 806, a co-owner who has incurred necessary expenses or maintenance and management expenses is entitled to reimbursement from the other co-owners; except that if he who incurred these expenses had the enjoyment *357 of the thing, the reimbursement is to be reduced in proportion to the value of his enjoyment. A mortgage is not such an expense, it is "a nonpossessory right created over property to secure the performance of an obligation." LSA-C.C. art. 2378. Moreover, the Tate mortgage was not incurred by Mr. Tate, it was an obligation which attached against Mr. Tate and Ms. Roque (the community) at the moment of sale.
Id., 631 So.2d at 1386.
The Roque court found LSA-C.C. article 2365 controlling. That article provides:
If separate property of a spouse has been used to satisfy a community obligation, that spouse, upon termination of the community property regime, is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used. The liability of a spouse who owes reimbursement is limited to the value of his share in the community after deduction of all community obligations.
Nevertheless, if the community obligation was incurred for the ordinary and customary expenses of the marriage, or for the support, maintenance, and education of children of either spouse in keeping with the economic condition of the community, the spouse is entitled to reimbursement from the other spouse regardless of the value of that spouse's share of the community.
Given the findings that no offsets were due for rent or enjoyment of the property, we find the trial court did not err in awarding Mrs. Roger reimbursement of one-half of the entire amount paid on the mortgage notes.
In her brief Mrs. Roger asserts that Mr. Roger's appeal is frivolous and that she should be awarded damages against him. However, there is no indication in the record that Mrs. Roger filed an appeal or an answer to Mr. Roger's appeal. Therefore, she cannot recover damages for frivolous appeal. Irl R. Silverstein, PLC v. Juarez, 98-1322 (La.App. 5 Cir. 6/1/99), 740 So.2d 702.
For the foregoing reasons we affirm the ruling of the trial court.
AFFIRMED.
NOTES
[1] A co-owner who on account of the thing held in indivision has incurred necessary expenses, expenses for ordinary maintenance and repairs, or necessary management expenses paid to a third person, is entitled to reimbursement from the other co-owners in proportion to their shares.

If the co-owner who incurred the expenses had the enjoyment of the thing held in indivision, his reimbursement shall be reduced in proportion to the value of the enjoyment.