SUSAN M. CHEHARDY, Judge.
This appeal arises in a proceeding to partition marital property. Jesse James Wells, Jr. appeals the award reimbursing his former wife, Kim Wheat Wells, for one-half of payments she made on the mortgage of the marital residence while partition of the couple’s property was pending. We affirm, for the reasons that follow.
FACTS
The parties were married on June 25, 1994. On June 24, 1994, the day before their wedding, they executed a matrimonial agreement that established a separate property regime. On November 30, 1994, the parties purchased a house and lot located at 1315 English Colony Drive in LaPlace, Louisiana, as undivided co-owners, subject to a mortgage. The house was their matrimonial domicile until March 16, 2007, when they separated.
Mr. Wells left the domicile, while Ms. Wells continued to live there until January 11, 2011. During that time (46 months), Ms. Wells paid the monthly mortgage note of $866.00, which included taxes and insurance, with her own funds.
The parties were divorced on March 18, 2008. The judgment of divorce expressly provided that Ms. Wells was granted use and occupancy of the family residence pending partition. There was no provision for her to pay Mr. Wells rent for his share of the property.
On May 8, 2008, Mr. Wells filed a petition for partition of community property. The parties each filed a sworn detailed descriptive list. Mr. Wells later filed an amended petition for partition of partnership property, referring to the prenuptial matrimonial agreement establishing a separation of property regime, which had been overlooked in his initial petition for partition.
A hearing was held on March 3, 2011, at which the sole issue presented to the trial court was the amount of reimbursement owed to Ms. Wells for the mortgage payments she had made while living in the former matrimonial domicile after the couple’s separation. All other issues of property division had been previously resolved. Ms. Wells established she had paid $866.00 per month over the course of 46 months.
On June 14, 2011, the district court rendered judgment awarding Kim Wells the sum of $3,918.32, which the court calculated was one-half the amount by which the mortgage payments made on the residence from March 16, 2007 to January 11, 2011 reduced the principal debt, plus taxes, insurance, and interest on the mortgage. The court ruled that Jesse Wells is not entitled to offset rental payments against the amount he owes Kim Wells, because there was no order or agreement by the parties concerning rental payments. The judgment was couched in terms of partition of community property rather than the parties’ separate property regime.
Mr. Wells has appealed.
*47 ASSIGNMENT OF ERROR
Mr. Wells asserts the trial court erred in finding that Ms. Wells is entitled to reimbursement in the amount of $8,918.92 for the period March 16, 2007 and January 11, 2011.
LAW AND ANALYSIS
Mr. Wells contends the trial court erred because Ms. Wells is entitled only to reimbursement for the amount by which her mortgage payments reduced the principal debt, not the amounts paid for taxes, insurance, and interest. He argues that in determining the amount of reimbursement, the trial court erroneously relied on two cases, Roger v. Roger, 99-765 (La.App. 5 Cir. 1/12/00), 751 So.2d 354, writ denied, 759 So.2d 73 (La.3/31/00), and Roque v. Tate, 93-389 (La.App. 5 Cir. 2/9/94), 631 So.2d 1385, writ not considered, 94-0625 (La.4/29/94), 637 So.2d 457.
Instead, Mr. Wells cites cases holding that payments on ancillary items such as insurance, taxes, or maintenance of the house are not allowable reimbursements because those items accomplish nothing other than payment, in part, for use of the property. Halverson v. Halverson, 589 So.2d 1153 (La.App. 5 Cir.1991), writ denied, 600 So.2d 655 (La.1992), citing Lowe v. Lowe, 463 So.2d 755 (La.App. 5 Cir.1985); Cookmeyer v. Cookmeyer, 354 So.2d 686 (La.App. 4 Cir.1978). Mr. Wells contends the trial court should have applied La. C.C. art. 2365 in calculating the amount of the reimbursement.
In response, Ms. Wells asserts the trial court was correct in awarding her reimbursement for the mortgage payments, taxes, insurance, and interest expended for the 46 months of payments she made with her separate funds. She contends that the cases on which Mr. Wells relies are distinguishable on the facts, because those cases involved payments derived from child support orders. In her appellate brief, Ms. Wells also requests remand of this case to the trial court for correction of mathematical calculations in the amount awarded to her.
Neither party refers to the separate property regime established by their matrimonial agreement.
The trial court has broad discretion in adjudicating issues raised by divorce and partition of the community regime. Dublan v. Dublan, 06-296, p. 6 (La.App. 5 Cir. 11/28/06), 947 So.2d 759, 762. The trial judge is afforded a great deal of latitude in arriving at an equitable distribution of the assets between the spouses. Id. This Court will not disturb a trial court’s finding of fact in the absence of manifest error. Id. See also, Sherrod v. Sherrod, 97-907 (La.App. 5 Cir. 3/25/98), 709 So.2d 352, writ denied, 98-1121 (La.6/5/98), 720 So.2d 687; Kambur v. Kambur, 94-775 (La.App. 5 Cir. 3/1/95), 652 So.2d 99.
La. C.C. art. 2365 provides, in pertinent part, as follows:
If separate property of a spouse has been used either during the existence of the community property regime or thereafter to satisfy a community obligation, that spouse is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used.
[[Image here]]
The liability of a spouse who owes reimbursement is limited to the value of his share of all community property after deduction of all community obligations. Nevertheless, if the community obligation was incurred for the ordinary and customary expenses of the marriage, or for the support, maintenance, or education of children of either spouse in keeping with the economic condition *48 of the spouses, the spouse is entitled to reimbursement from the other spouse regardless of the value of that spouse’s share of all community property.
The pertinent Civil Code articles on separation of property provide that “[u]nder the regime of separation of property each spouse acting alone uses, enjoys, and disposes of his property without the consent or concurrence of the other spouse.” La. C.C. art. 2871. “A spouse is solidarity liable with the other spouse who incurs an obligation for necessaries for himself or the family.” La. C.C. art. 2372. “Each spouse contributes to the expenses of the marriage as provided in the matrimonial agreement. In the absence of such a provision, each spouse contributes in proportion to his means.” La. C.C. art. 2373.
In this case, Ms. Wells used her separate funds to pay the monthly mortgage payments from March 16, 2007 to January 11, 2011. The trial court found that Ms. Wells paid a total of $7,837.84, which included taxes and insurance, and found she was entitled to interest. The court then divided that amount in half to reach the amount of $3,918.32, for which Mr. Wells was cast in judgment.
Although the trial court erroneously couched the judgment in terms of community property rather than division of separate property, under the facts of this case his basic ruling is correct. Ms. Wells is entitled to recover from Mr. Wells one-half of what she paid on the mortgage, and other expenses incidental to the ownership of the house, during the applicable time period.[1] Co-owners are presumed to acquire in equal portions. La. R.S. 9:2729. Therefore, we find no manifest error in the basic ruling.
The court’s calculations were wrong, however, in that the court calculated the amount by which the principal on the mortgage had been reduced by Ms. Wells’ payments. That did not account for the full amount she expended for principal, interest, insurance and taxes. We are unable to adjust the amount, however, for the following reasons.
In her appellate brief, Ms. Wells points out that the trial court erred in its calculations. The total amount of her payments over the 46-month period was $39,836.00; half of that sum is $19,918.00. Accordingly, Ms. Wells asks this Court to remand the case to the trial court for re-calculation of the amount due from Mr. Wells.
Ms. Wells, however, neither appealed nor answered the appeal. Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. La. C.C.P. art. 2082. Where another party has already appealed, a non-appealing party who desires a change in the judgment can file an answer to the appeal:
A. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by *49 the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court.
La. C.C.P. art. 2133(A).
Because Ms. Wells failed to appeal or answer the appeal, the judgment cannot be modified in her favor. Accordingly, the judgment will stand as is.
DECREE
For the foregoing reasons, the judgment is affirmed. Costs of the appeal are assessed against the appellant.

AFFIRMED

. We note the record contains a judgment rendered after the order of appeal on this judgment. That last judgment, dated January 3, 2012, recognizes the parties’ separate property regime and acknowledged that the parties "hold the immovable as co-owners in division [sic].” The judgment held that each party owns a one-half interest in the property, and left the issue of possession to the parties at a later date. That judgment is not part of this appeal.