JUDE G. GRAVOIS, JUDGE
Appellant, Charles Henry Jackson, appeals a final judgment rendered on March 15, 2018 in favor of appellee, Simona D. Morton, on her Motion to Withdraw Funds *991 from the Registry of the Court. At issue is the parties' entitlement to the proceeds from the sale of their co-owned home made pursuant to a previous judgment on Mr. Jackson's Petition for Judicial Partition signed on November 17, 2016. Mr. Jackson argues on appeal that the trial court erred in awarding Ms. Morton the entirety of the funds deposited into the registry of the court ($59,287.72), after previously ruling that she was entitled to half of the proceeds from the sale of the home. For the following reasons, we affirm the judgment in favor of Ms. Morton.
PROCEDURAL HISTORY AND FACTS
This is the parties' second appeal before this Court. Previously, this Court summarized the relevant facts as follows:
Mr. Jackson and Ms. Morton were a co-habiting, unmarried couple for numerous years. Two children were born from their relationship: Kaelin Jackson and Joshua Jackson. On March 27, 2003, Mr. Jackson purchased the property located at 2716 Conor Court in Marrero, Louisiana, and mortgaged the property in his name. On the same day, Mr. Jackson placed Ms. Morton into unconditional and irrevocable possession of one-half interest of the property pursuant to an act of inter vivos donation in consideration of love and affection he had for Ms. Morton.
The parties resided together until November 11, 2014, when Mr. Jackson was arrested for domestic abuse battery and had a temporary restraining order issued against him. Mr. Jackson did not return to the home while Ms. Morton was present, even after the restraining order had expired.
On August 27, 2015, Mr. Jackson filed a "Petition for Judicial Partition." In his petition, Mr. Jackson alleged that Ms. Morton failed to contribute to the mortgage, taxes or homeowner's insurance, and that Ms. Morton should be held accountable to him for the expenses of the mortgage, maintenance, management and repairs of the property pursuant to La. C.C. art. 806. He averred that he was also entitled to his share of rental reimbursements from the time of Ms. Morton's exclusive use of the property until the time of the partition. Ms. Morton answered Mr. Jackson's petition, denying any liability for the mortgage or rent for the property, and filed a reconventional demand, asserting that she was entitled to exclusive use of the property and reimbursement of all funds she expended towards the upkeep, mortgage, taxes and insurance on the property.
The parties entered into a Consent Judgment on February 29, 2016, agreeing that Mr. Jackson would enjoy exclusive use of the property and would be solely responsible for the expenses and upkeep of the home pending the partition of the property.
The matter proceeded to a bench trial on November 4, 2016. At the conclusion of Mr. Jackson's presentation of his case, Ms. Morton orally moved for a motion for involuntary dismissal[1] which was granted in part by dismissing Mr. Jackson's claims for mortgage reimbursement, off-set for taxes and rental *992 reimbursement. In open court, the trial court ordered that the property be sold by private sale and the proceeds be split between Mr. Jackson and Ms. Morton. The trial court further ordered reimbursement to Mr. Jackson by Ms. Morton in the amount of $1,460.31 for improvements to the home. A written judgment to that effect was rendered on November 17, 2016. All other claims were dismissed, and each party had to bear his/her own costs.
Jackson v. Morton , 17-194 (La. App. 5 Cir. 11/15/17), 232 So.3d 685, 686-87.
In his Petition for Judicial Partition, Mr. Jackson had sought reimbursement from Ms. Morton for one-half of "all expenses from the purchase of the home," claiming that she owed him reimbursement for one-half of all of the mortgage payments he had made since the purchase of the home on March 27, 2003. At the hearing on the Petition for Judicial Partition on November 4, 2016, the trial court explicitly found that Ms. Morton was not liable for the mortgage encumbering the home, it being a nonpossessory obligation entered into solely by Mr. Jackson, and thus she did not owe him reimbursement for mortgage payments made by him, notwithstanding his inter vivos donation to her, also on March 27, 2003, of an undivided one-half co-ownership interest in the home. Thereafter, on November 17, 2016, the trial court issued a written judgment granting the Petition for Judicial Partition, ordering that the home be sold by private sale, and ordering that the proceeds of the sale be divided evenly between the co-owners (Ms. Morton and Mr. Jackson).[2]
Mr. Jackson appealed the judgment. In the first appeal, Mr. Jackson's sole assignment of error was that the trial court erred in failing to award him reimbursements from Ms. Morton for mortgage payments made by him from November 2014 through February 29, 2016, the time during which Ms. Morton had exclusive use of the co-owned home. This Court affirmed the trial court's judgment in its opinion dated November 15, 2017. Jackson v. Morton , supra , 232 So.3d at 688.
Meanwhile, according to the record of this proceeding, during the pendency of the first appeal, the house was sold for $150,000.00, which after deducting $14,802.28 in closing costs and other adjustments attributable to the sellers (excluding the mortgage payoff), left "gross" proceeds of $135,197.72.[3] The balance due at the time of the closing on the mortgage encumbering the home in the amount of $75,910.00 was then deducted from the gross proceeds at the closing, leaving net closing proceeds of $59,287.72.
On July 31, 2017, Ms. Morton filed a Motion and Order to Deposit Funds into the Registry of the Court, asserting that the parties had agreed to deposit the funds from the sale of the home into the registry of the court until the appeal had concluded. Pursuant thereto, the sum of $59,287.72 was deposited into the registry of the court.
On February 9, 2018, the Supreme Court denied Mr. Jackson's writ application seeking review of this Court's November 15, 2017 opinion. Jackson v. Morton , 17-2094 (La. 2/9/18), 236 So.3d 1263. On *993 February 15, 2018, Ms. Morton filed a Motion to Withdraw Funds from the Registry of the Court, contending that pursuant to this Court's judgment of November 15, 2017, she was entitled to half of the gross proceeds of the sale, or $70,098.46,[4] and therefore she was entitled to the entirety of the funds deposited into the registry of the court ($59,287.72), plus accrued interest.
Mr. Jackson opposed the motion, arguing that the trial court judgment (which had previously been affirmed by this Court) denied only his claim for reimbursement of mortgage payments he made between November 2014 through February 29, 2016, and that the judgment awarding each of them half of the proceeds meant the proceeds after the mortgage had been satisfied, not the proceeds as calculated before subtracting the amount due on the mortgage.
The trial court heard the Motion to Withdraw on March 15, 2018. At the hearing, the trial judge noted that he remembered the case, and that his previous judgment awarding the parties each one-half of the proceeds meant that Ms. Morton's half interest in the home was to be satisfied from the proceeds deposited into the registry of the court. Accordingly, the trial judge signed a judgment dated that same day awarding Ms. Morton the entirety of the funds deposited into the registry of the court ($59,287.72).[5] Mr. Jackson now appeals.
On appeal, Mr. Jackson raises two assignments of error, to-wit:
1. The trial court erred when it ruled that Ms. Morton is entitled to the entirety of the proceeds of the sale via a Motion to Withdraw, when the original judgment was clear and unambiguous that proceeds of the sale should be split equally between the parties; and
2. The trial court committed manifest error when it did not consider that the property acquired by Ms. Morton was property donated to her by Mr. Jackson subject to the charges as set forth in Louisiana Civil Code article 1549.
ANALYSIS
Essentially, the issue to be determined in Mr. Jackson's first assignment of error is what did the trial court mean in the statement contained in its November 17, 2016 judgment that "[t]he proceeds of said house are to be divided equally between the co-owners."
The Closing Disclosure statement pertaining to the sale of the home contained in the record reflects that the sale price of the home was $150,000.00, and that the closing costs and other adjustments attributable to Mr. Jackson and Ms. Morton as sellers (excluding the mortgage payoff) was $14,802.28, leaving $135,197.72 as the gross proceeds of the sale to be divided equally between Mr. Jackson and Ms. Morton (or $67,598.86 each). However, the amount due on the mortgage on the home ($75,910.00) was paid out of the gross proceeds *994 of the sale at the closing, leaving net proceeds from the closing of only $59,287.72, which is the amount that was subsequently deposited into the registry of the court.
Upon review, considering that the trial court found in its November 17, 2016 judgment that Ms. Morton was not responsible for the mortgage payments on the home (which finding was affirmed by this Court on appeal), we find that when the trial court stated that "[t]he proceeds of said house are to be divided equally between the co-owners," it is clear that the trial court intended that the gross proceeds of the sale remaining after the closing costs and other adjustments attributable to the sellers were deducted (excluding the mortgage payoff) ($135,197.72) would be divided equally between Mr. Jackson and Ms. Morton (or $67,598.86 each). In reality, Mr. Jackson's entire share of the gross proceeds of the sale ($67,598.86), plus a portion of Ms. Morton's share of the gross proceeds of the sale ($8,311.14),[6] were used to satisfy Mr. Jackson's mortgage indebtedness encumbering the property ($75,910.00), leaving the entirety of the net proceeds of the sale ($59,287.72) to be due and payable to Ms. Morton. We thus find no merit to Mr. Jackson's argument that the judgment under review is inconsistent with the trial court's judgment of November 17, 2016 as affirmed by this Court in the prior appeal. This assignment of error is without merit.
In his second assignment of error, Mr. Jackson argues that in awarding Ms. Morton the entirety of the amount held in the registry of the court, the trial court erred in not holding Ms. Morton liable for the balance of the mortgage due on the property at the time it was sold in July of 2017. He argues that under La. C.C. art. 1549, Ms. Morton accepted the donation of half ownership of the home subject to the mortgage, and thus the trial court erred in awarding her all of the money in the registry of the court, rather than half.[7]
In the proceedings below preceding the partition judgment of November 17, 2016, the issue of whether Ms. Morton was liable for the mortgage was squarely at issue and was resolved in Ms. Morton's favor.[8] Prior to the partition judgment of November 17, 2016, Mr. Jackson's arguments to the trial court included citation of La. C.C. art. 1549 that Ms. Morton had accepted the donation of the home subject to the mortgage obligation. The trial judge rejected that argument and it was explicit in the transcript of the hearing on November 4, 2016 that he found Ms. Morton was not responsible for the mortgage on the property.
In the first appeal, this Court held:
A co-owner who on account of the thing held in indivision has incurred necessary expenses, expenses for ordinary maintenance and repairs, or necessary management expenses paid to a third *995 person, is entitled to reimbursement from the other co-owners in proportion to their shares. La. C.C. art. 806. The law is settled that under La. C.C. 806, a co-owner who has incurred necessary expenses is entitled to reimbursement from the other co-owners; however, a mortgage is not such an expense. Slimp v. Sartisky , 11-1677 (La. App. 4 Cir. 9/17/12), 100 So.3d 901, 921, rehearing granted and amended on other grounds, (La. App. 4 Cir. 10/11/12); Roger v. Roger , 99-765 (La. App. 5 Cir. 1/12/00), 751 So.2d 354, 356, writ denied, 00-442 (La. 3/31/00), 759 So.2d 73, citing Roque v. Tate , 93-389 (La. App. 5 Cir. 2/9/94), 631 So.2d 1385, 1386. The mortgage is "a nonpossessory right created over property to secure the performance of an obligation." Id. , citing La. C.C. art. 3278.
In this matter, Mr. Jackson entered into a mortgage with Standard Mortgage Corporation for the property in question for $105,183. It is unclear whether the mortgage was signed before or after the act of donation; however, Mr. Jackson was the only person who signed and obligated himself to paying the mortgage. Because he and Ms. Morton were co-owners of the property and a mortgage is not an expense subject to reimbursement under La. C.C. 806, Mr. Jackson did not and could not prove that he was entitled to mortgage reimbursement from Ms. Morton. See , Slimp , supra . Therefore, we find that the trial court properly granted the motion for involuntary dismissal, in part, at the conclusion at Mr. Jackson's case-in-chief on the issue of mortgage reimbursement.
Jackson v. Morton , supra , 232 So.3d at 687-88. Considering this Court's holding in the previous appeal, it is clear that the issue of mortgage reimbursement from Ms. Morton to Mr. Jackson has previously been determined, and thus, that issue is res judicata. As such, the trial court's judgment granting Ms. Morton's Motion to Withdraw Funds and awarding her the entirety of the funds in the registry of the court is legally consistent with its prior judgment, as affirmed by this Court, that Ms. Morton is not liable for the mortgage obligation. This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, we affirm the trial court's judgment granting Ms. Morton's Motion to Withdraw Funds from the Registry of the Court.
AFFIRMED

Throughout the trial and in briefs to this Court, the parties referenced the motion as a motion for directed verdict. However, this matter was tried before a judge, not a jury; thus, the applicable motion was a motion for involuntary dismissal pursuant to La. C.C.P. art. 1672(B). Motions for involuntary dismissal are applicable to cases tried in a bench trial. Because this matter was tried in a bench trial, we will address the granting of the motion for involuntary dismissal. (This footnote was contained in the original opinion. )

As noted in the statement of relevant facts from the first appeal, the court granted Mr. Jackson's claims for maintenance reimbursement in the amount of $1,460.31, but denied his claim for mortgage reimbursement, off-set for taxes, and rental reimbursement.

The term "gross" proceeds is used herein to describe the sale price minus closing costs and other adjustments attributable to the sellers (excluding the mortgage payoff), which deductions are not in dispute.

Although in her Motion and Order to Withdraw Funds from the Registry of the Court Ms. Morton asserts that the proceeds from the sale to be divided between her and Mr. Jackson after deducting costs was $140,196.93 (or $70,098.46 each), the Closing Disclosure statement pertaining to the sale of the home contained in the record reflects that the actual closing costs and other adjustments attributable to Mr. Jackson and Ms. Morton as sellers of the home (excluding the mortgage payoff) was $14,802.28, leaving $135,197.72 as the gross proceeds of the sale, rather than $140,196.93 as asserted by Ms. Morton.

The judgment also awarded Ms. Morton "interest from the date of judicial demand."

Should Ms. Morton proceed to attempt to collect such funds from Mr. Jackson, it appears that she would owe him a credit of $1,460.31 for maintenance reimbursement as ordered by the trial court following the trial on the merits of Mr. Jackson's Petition for Judicial Partition, as noted above.

La. C.C. art. 1549 provides: "The donee acquires the thing donated subject to all of its charges, even those that the donor has imposed between the time of the donation and the time of the acceptance." It is noted that at the time of the donation in 2003, the applicable article was La. C.C. art 1551, which provided: "The property given passes to the donee with all of its charges, even those which the donor has imposed between the time of the donation and that of the acceptance."

Mr. Jackson also claimed Ms. Morton should reimburse him for property taxes and insurance, which claims were also rejected by the trial court on an evidentiary basis.