433 So.2d 225 (1983)
Elvera Viola BABIN
v.
Robert J. BABIN.
No. 82 CA 0858.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
Rehearing Denied June 29, 1983.
*226 James C. Percy, Percy & Percy, Gonzales, for plaintiff-appellee.
Raymond B. Gautreau, Donaldsonville for defendant-appellant.
Before COVINGTON, LANIER and ALFORD, JJ.
COVINGTON, Judge.
This is an appeal by the former husband, Robert J. Babin, from a judgment in favor of the former wife, Elvera Viola Babin, in the amount of $24,000.00. We affirm.
Elvera Viola Babin and Robert J. Babin were married on November 15, 1972. Shortly after their marriage, Mrs. Babin paid for the construction of a brick house on a five-acre tract of land owned separately by the husband. The parties have stipulated that the construction of the house was paid for out of funds which were Mrs. Babin's separate funds, and Mr. Babin did not pay any amount for the construction. Also, it was stipulated by the parties that community funds were not used to pay for construction of the house. The evidence also supports the fact that the construction of the house was paid for with the separate funds of Mrs. Babin and this fact is conceded on appeal. There is also evidence that Mrs. Babin spent at least $1,500.00 of her separate funds, in addition to the amount paid to Gauthier, for other permanent improvements to Mr. Babin's separate property, including the installation of a water-well pump, the laying of a gas line to the house, the wiring of the old residence for electricity, and the building of a fence around the new house.
On October 13, 1980, the parties were divorced on the ground that they had lived separate and apart for a period of more than one year. Mr. Babin has elected to keep the improvements made on his separate property. In the present suit, the former wife seeks to be compensated for the aforesaid improvements to her former husband's separate property.
This is not the situation where community property has been used to improve the separate property of one spouse, as contemplated by LSA-C.C. art. 2366.[1] Neither is it the situation where the separate property of one spouse has been used to improve the community property, as provided in LSA-C.C. art. 2367.[2] In the situation at hand, the appellant contends that LSA-C.C. art. 2368 must be applied so that the former wife is entitled to recover only one-half of the enhanced value. There is no merit to this contention. Article 2368 reads as follows:
If the separate property of a spouse has increased in value as a result of the uncompensated common labor or industry of the spouses, the other spouse is entitled to be reimbursed from the spouse whose property has increased in value one-half of the increase attributed to the common labor.
*227 It is only where the improvement to separate property is made through the expenditure of the spouses' energies or common funds that the owner of the separate property owes the other spouse one-half of the value of the improvement at the time of dissolution of the community regime. The evidence shows that Mr. Babin did not expend any labor, industry or energy in the construction of the new residence. The house in question was built by a contractor, Denis Gauthier, and two of his laborers. The record supports the conclusion that all of the construction work was done by Gauthier and his workers (who were paid by the separate funds of Mrs. Babin) and that none of the work was done by Mr. Babin. No common funds were used.
As the issue involved in the case at bar is not a question of use of separate funds to improve community property or community funds to improve separate property or common labor to improve separate property, the articles of the Civil Code relating to community property have no application in the case. This is a situation where one spouse's separate funds have been used to improve the other spouse's separate property.
In the case of Atkins v. Smith, 207 La. 560, 21 So.2d 728, 730 (1945), a husband, using his separate funds, erected a house on a lot owned by a third person who had entered into a contract to sell the lot to the husband's wife. The wife defaulted on the contract and was sued by the owner of the lot. In due course the owner obtained judgment against the wife. When the owner sought to execute the judgment against the property, the husband intervened, asserting his ownership of the house since it was erected on the lot with his separate funds. He sought either the value of the house or the right to remove it from the lot. The Court found that the improvements placed on the lot belonged to the owner of the lot under LSA-C.C. art. 504,[3] subject to certain other codal articles, particularly LSA-C.C. art. 508[4] which modified the general rule announced in Article 504. The Court then stated:
Article 508 treats of the reciprocal rights and obligations of the owner of the land and of a third person who erects buildings on the land or otherwise improves it. The provisions of the article apply both to possessors in bad faith and possessors in good faith. In the case of a possessor in bad faith, the owner of the land is not considered as the owner of the constructions unless he elects to take them. He may require their demolition or removal. If he elects to keep the improvements, they become his and he owes the person who makes them the cost of material and the price of workmanship. If the person making the improvements does so in good faith believing himself to be the owner or to have the right to do so, the owner of the land built upon has no right of election. *228 He can not refuse to keep the buildings. They are his as part of the soil, but he is bound to reimburse the builder in one of two ways, of which he has the choiceeither by paying him the cost of material and the price of workmanship, or by paying a sum equal to the enhanced value of the land. The builder in good faith is thus made as it were the negotiorum gestor of the owner of the soil, and the works constructed by him are considered as made for and on his (the owner's) account and brings into operation the rule of Article 505 of the Civil Code that "the ownership of the soil carries with it the ownership of all that is directly above and under it." Johnson v. Weinstock, 31 La.Ann. 698.
We thus find that the right of the plaintiff to recover the value of the house in the instant case arose under LSA-C.C. art. 508, which was in effect at the time of the construction of the improvements in 1972-73. Article 508 gave a person who placed improvements on the land of another the right to recover the value of the improvements or the enhanced value, when such improvements were kept by the owner of the land. Myers v. Burke, 189 So. 482 (La. App. 1st Cir.1939).
When a person made improvements on the land of another, the person making them was the owner of them; but, under LSA-C.C. art. 508, the owner of the land had a right to acquire ownership of the improvements on certain conditions. "The owner of the soil has a right to keep them", read the article of the Civil Code. He did not become owner of them merely because they were built on his land; he had to comply with the appropriate conditions. See Ouachita Parish School Board v. Clark, 197 La. 131, 1 So.2d 54 (1941).
In the instant case, Mrs. Babin had constructed, at her own expense, a residence on Mr. Babin's land. Mr. Babin could not acquire ownership of the improvements without complying with LSA-C.C. art. 508.
Since the facts establish that Mr. Babin has elected to keep the house, we need only determine whether the trial court properly applied the provisions of Article 508 in making its award. We find from the record that the trial judge correctly construed the applicable law. The former husband offered no proof on the questions of enhancement or the value of the improvements. Judge Lemmon commented, in her "Reasons for Judgment": "... [T]he husband did not attempt to establish that the value of the improvements as established by the wife was more than the difference between the improved and unimproved land." In determining the value of the improvements or the amount of enhancement, any reasonable method may be used, even in difficult cases (and this was not one), to the extent of averaging the conflicting and exaggerated estimates of witnesses. The record reflects that the district judge considered all of the facts, found that the house was built with the wife's separate funds, and utilized the figures of the wife's expert and other pertinent evidence in the record to arrive at the amount of the compensation to which the wife was entitled. See Deliberto v. Deliberto, 400 So.2d 1096 (La.App. 1st Cir. 1981). We find that the record supports the conclusions of the court and its award; accordingly, we affirm. Appellant is cast for costs.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 2366 provides:

If community property has been used for the acquisition, use, improvement, or benefit of the separate property of a spouse, the other spouse is entitled upon termination of the community to one-half of the amount or value that the community property had at the time it was used.
[2] LSA-C.C. art. 2367 provides:

If separate property of a spouse has been used for the acquisition, use, improvement, or benefit of community property, that spouse, upon termination of the community, is entitled to one-half of the amount used or one-half of value that the property had at the time it was used, if there are community assets from which reimbursement may be made.
[3] LSA-C.C. art. 504 provided:

All that which becomes united to or incorporated with the property, belongs to the owner of such property, according to the rules hereafter established.
[4] LSA-C.C. art. 508 provided:

When plantations, constructions and works have been made by a third person, and with such person's own materials, the owner of the soil has a right to keep them or to compel this person to take away or demolish the same.
If the owner requires the demolition of such works, they shall be demolished at the expense of the person who erected them, without any compensation; such person may even be sentenced to pay damages, if the case require it, for the prejudice which the owner of the soil may have sustained.
If the owner keeps the works, he owes to the owner of the materials nothing but the reimbursement of their value and of the price of workmanship, without any regard to the greater or less value which the soil may have acquired thereby.
Nevertheless, if the plantations, edifices or works have been made by a third person evicted, but not sentenced to make restitution of the fruits, because such person possessed bona fide, the owner shall not have a right to demand the demolition of the works, plantations or edifices, but he shall have his choice either to reimburse the value of the materials and the price of workmanship, or to reimburse a sum equal to the enhanced value of the soil.