449 So.2d 564 (1984)
Stanley Allen McKEY, Jr.
v.
Kayla Mullin McKEY.
No. 83 CA 0510.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Rehearing Denied May 21, 1984.
*565 Randall M. Alfred, Houma, for defendant and appellant Kayla Mullin McKey.
Prentiss Cox, Houma, for plaintiff and appellee Stanley Allen McKey, Jr.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal by Kayla Mullin McKey from a judgment of the trial court partitioning the community which existed between the appellant and Stanley Allen McKey, Jr.

FACTS
Kayla Mullin McKey and Stanley Allen McKey, Jr. were married on November 18, 1972, and were legally separated on August 7, 1981. On February 24, 1972, prior to the marriage, Mr. McKey purchased a house and lot on Wayne Street in Houma, Louisiana (Wayne Street property). This house was purchased for $17,500.00 and was occupied by the parties until February of 1978.
In February of 1978, the Wayne Street property was sold for $34,000.00, the entirety of which was applied toward the purchase of a new home on Central Avenue in Houma (Central Avenue property).
Mrs. McKey brought suit after the separation requesting a partition of the community property. The Central Avenue property was sold by the parties, as representatives of the community, to Mr. McKey for $89,000.00. The mortgage on the property of $15,254.08 was paid, and the balance of $73,745.92 was deposited into the registry of the court. The movable community property was voluntarily partitioned, leaving the sole issue remaining before the trial court the proper distribution between the parties of the net proceeds from the sale of the Central Avenue property.
After a hearing, the trial court granted judgment distributing to Mr. McKey the sum of $50,800.10 and to Mrs. McKey the sum of $22,945.82. That judgment reflected the following credits:
(1) $2494.50 to Mr. McKey for mortgage note payments and insurance paid after termination of the community on the Central Avenue property.
(2) $34,000.00 to Mr. McKey for separate property funds which were used as a down payment on the Central Avenue property.[1]
(3) $8505.96 to Mrs. McKey representing the proceeds of an insurance check.
The trial judge's denial of two additional credits claimed by Mrs. McKey constitutes the basis of this appeal. They are as follows:
(1) A $200.00 credit representing ½ of alleged rentals Mr. McKey received from a person living in the Central Avenue house after McKey's separation.
(2) A $8250.00 credit for ½ of the enhanced value of the Wayne Street property ($16,500.00).[2]

ENHANCED VALUE OF HUSBAND'S SEPARATE PROPERTY
Appellant's first and second assignments of error deal with her claim for reimbursement in the amount of $8250.00, which represents one-half of the increase in value of McKey's separate property on Wayne Street during the marriage. Mrs. McKey alleges that the increase in value was the result of the uncompensated common labor or industry of the spouses. She claims reimbursement under La.C.C. art. 2368. That article provides:
If the separate property of a spouse has increased in value as a result of the uncompensated common labor or industry *566 of the spouses, the other spouse is entitled to be reimbursed from the spouse whose property has increased in value one-half of the increase attributed to the common labor.
Prior to January 1, 1980, the effective date of the latest matrimonial regimes revisions,[3] La.C.C. art. 2408 supplied the standard in reimbursement cases for enhanced value of separate property. That article provided:
When the separate property of either the husband or the wife has been increased or improved during the marriage, the other spouse, or his or her heirs, shall be entitled to the reward of one half of the value of the increase of ameliorations, if it be proved that the increase of ameliorations, be the result of the common labor, expenses or industry; but there shall be no reward due, if it be proved that the increase is due only to the ordinary course of things to the rise in the value of property, or to the chances of trade.
In interpreting La.C.C. art. 2408 the jurisprudence established four requirements which the party claiming reimbursement had to prove;
First. What was the condition of the property at the time of the marriage? Second. What would be the value of such property at the dissolution of the community, in the state in which it was at the time of the marriage? Third. What was the real value of the said property, with all the improvements existing thereon, in the condition in which it was at the time of the dissolution of the community? Fourth. What is the difference between the two estimates? Deliberto v. Deliberto, 400 So.2d 1096, 1099 (La.App. 1st Cir.1981), citing Babin v. Nolan, 6 Rob. 508, 514 (1844).
It was subsequently held in Abraham v. Abraham, 230 La. 78, 87 So.2d 735 (1956), that once the party claiming reimbursement under La.C.C. art. 2408 made a showing that the community labor, expenses or industry increased the value of the separate property, the burden shifted to the owner of the separate property to prove the enhancement was natural.
The 1979 revision of La.C.C. art. 2408 changed the measure of reimbursement, and thus, the required proof, in every reimbursement situation except one. The measure of reimbursement remains the same in a situation where the separate property of one spouse is increased "as a result of the uncompensated common labor or industry of the spouses". La.C.C. art. 2368. In that situation only, the measure of reimbursement remains one-half of the enhanced value (increased value) of the other spouse's separate property.
On the other hand, where the enhancement in value of the separate property results from use of community property as opposed to common labor or industry, the measure of reimbursement was changed to "one-half of the amount or value" that the community property had at the time it was used. This situation is now provided for in La.C.C. art. 2366.[4] Thus, the change was accomplished by making two articles of former La.C.C. art. 2408, and providing for reimbursement for "labor or industry" in La.C.C. art. 2368, and for "expenses" in La.C.C. art. 2366.[5]
In a case occurring under La.C.C. art. 2368, the application of Babin is still correct. However, in a case falling under La.C.C. art. 2366, the required proof is different. In this case both situations are presented. Community improvements were made to the separate property. Additionally, a claim was made for enhanced *567 value from uncompensated labor and industry of the spouses. However, the appellant would apparently have us apply La.C.C. art. 2368 and determine there must be an enhancement by simply showing community property was used on the separate property, since appellant offered no proof of the value of the community property used under La.C.C. art. 2366. We disagree. In order to give effect to both La.C.C. art. 2366 and 2368, we hold that where community property is used to improve separate property La.C.C. art. 2366 must be used to reimburse the claiming spouse. The basis for reimbursement is the actual value of the community property used. In order to claim reimbursement for enhancement of the value of the separate property, the claiming spouse must show enhancement by "uncompensated common labor or industry" separate and apart from the use of community property to improve the separate property.[6] Then the provisions of La. C.C. art. 2368 become applicable.
The trial court was correct here in not applying La.C.C. art. 2366 because the value of the community property used to improve the separate property was not established. The question remains as to whether the trial judge was correct in holding appellant failed to carry her burden of proof under La.C.C. art. 2368. The record supports the trial judge's finding in that Mrs. McKey did not prove the value of the property, minus the improvements, at the time of its sale.[7] Mrs. McKey offered no evidence on this point at all. She simply proved that in 1978 the property sold for $34,000.00 which was obviously with the community improvements. This is of no assistance in determining the 1978 value without the improvements. Without such evidence, it is impossible to determine the enhanced value of the property for purposes of La.C.C. art. 2368. The plaintiff having failed in her burden of proof, the trial judge was correct in denying her request for a credit for the enhanced value of the Wayne Street property. This assignment of error is therefore without merit.

RENTAL OF COMMUNITY PROPERTY
Appellant asserts in her third assignment of error that the trial court erred in failing to award her a credit for the use of the family home by others. She alleges that Mr. McKey rented a portion of the Central Avenue house and that she is entitled to an accounting under La.C.C. art. 2369.
La.C.C. art. 2369 provides: "A spouse owes an accounting to the other spouse for community property under his control at the termination of the community property regime."
At the hearing, Mr. McKey testified that he received up to $400.00 for telephone and utility bills from a Mr. Mixon, who resided along with McKey in the house for several months. Appellant claims that Mr. McKey did not produce any receipts, and therefore he failed in his burden to prove the money was not rent. As the trial judge pointed out in his reasons for judgment, Mrs. McKey had the burden of proof:

*568 Mr. McKey testified that he did not receive any rent or other revenue from anyone who stayed at the Central Avenue property other than reimbursements for his expenses. Mrs. McKey has failed to carry her burden of proof to show that Mr. McKey received any rentals or other revenue.
Accordingly, we find no merit in this argument.
For the foregoing reasons, judgment of the trial court is affirmed. All costs of this appeal are to be paid by the appellant.
AFFIRMED.
NOTES
[1] Actually, the court calculated the credit as suggested by Mrs. McKey, by splitting the $34,000.00 proceeds of the sale ½ to each spouse and then giving Mr. McKey a credit for ½ of the $34,000.00 down payment on the Central Avenue property. The result is the same.
[2] This credit directly corresponds with the $34,000.00 credit allowed Mr. McKey, representing the proceeds from the sale of the Wayne Street house.
[3] 1979 La.Acts, No. 709, Sec. 1.
[4] La.C.C. art. 2366 provides:

If community property has been used for the acquisition, use, improvement, or benefit of the separate property of a spouse, the other spouse is entitled upon termination of the community to one-half of the amount or value that the community property had at the time it was used.
[5] See Babin v. Babin, 433 So.2d 225 (La.App. 1st Cir.1983) for the situation where one spouse's separate funds have been used to improve the other spouse's separate property.
[6] Where both community improvements to separate property and enhancement of value by "uncompensated common labor and industry" are involved, as here, a formula must be devised to prevent the claiming spouse from reaping double benefit for the expenses. Although we do not reach this issue because of our conclusion here, a fair method of resolving the matter would be to determine the enhanced value according to the principles set forth in this opinion. Then determine the value of the improvements placed on the separate property and subtract that amount from the enhanced value before dividing enhanced value.
[7] Since there is no proof of the value of the property without the improvements at the time of sale, we do not reach the problem of the burden of proving that the difference between the value with and without improvements was due solely to natural causes. We do note that the last sentence of La.C.C. art. 2408 has been omitted from La.C.C. art. 2368. It therefore appears that the party claiming reimbursement who has to prove enhancement from uncompensated labor and industry must also negative the natural enhancement.

We further note that the sale in this case occurred prior to dissolution of the marriage, so the Babin formula is applied as of the time of the sale.