454 So.2d 429 (1984)
Geraldine Litteral WILLIS, Plaintiff-Appellee,
v.
Osborne Ray WILLIS, Defendant-Appellant.
No. 83-842.
Court of Appeal of Louisiana, Third Circuit.
August 23, 1984.
Miguez & Leckband, Carl A. Leckband, Jr., Lake Charles, for defendant-appellant.
Hunt, Godwin, Painter & Roddy, David R. Painter, Lake Charles, for plaintiff-appellee.
Before LABORDE, YELVERTON and KNOLL, JJ.
*430 YELVERTON, Judge.
Upon the termination of a community property marriage, during which community funds were used to pay the mortgage notes on one spouse's separate property that was occupied as the matrimonial residence, is the amount paid in interest on the mortgage notes included in the reimbursement to which the other spouse is entitled? This is the issue raised by Osborne Willis, appellant, who asks us to reduce a judgment ordering him to reimburse his former wife, Geraldine Willis, $4,416.16 of community funds paid on mortgage notes during the four years (1977-1981) that the community was in existence. Finding that the interest payments after January 1, 1980, were improperly included in the judgment, we remand with instructions to the trial court to determine the amount of interest paid and reduce the judgment by that amount.
The facts were stipulated. When the parties married in 1977, Osborne owned separate property, a residence, burdened with two mortgage notes requiring combined payments of $231.91 a month, amounts which included both principal and interest. The couple made this residence their family home, and for four years the monthly installments on the mortgage notes were paid with community funds, totaling $11,131.68. When the community property regime terminated by separation in 1981, Geraldine claimed reimbursement of one-half of the community property used to make the monthly payments. The trial judge allowed reimbursement of one-half of only the principal amount of the payments made during the time period before January 1, 1980; for the period after that date, believing that there had been a change in the law, he allowed reimbursement of one-half the total payments of both principal and interest.
We agree with the trial court's determination of the measure of reimbursement for the time period before January 1, 1980. Under former Civil Code art. 2408, when separate property increased in value, the other spouse was entitled to one-half the enhanced value. Thus, when separate property was used as a community home, and community funds were used to pay a mortgage note incurred as a separate obligation, on termination of the community the other spouse was entitled to reimbursement of one-half the principal, but not one-half the interest payments. Hurta v. Hurta, 260 So.2d 324 (La.App. 4th Cir.1972). The Fourth Circuit in Hurta equated the increase in value with the principal payments on the mortgage note. Further, it reasoned that, because the husband's separate property was used as the family home, the interest paid on the mortgage note was a community expense in producing a "profit" to the community under former article 2402:
"... By providing his separate house as the family home, the husband dedicates its actual `profits', although not reduced to a dollar-revenue, to the community, and that dedication produces an actual, in-pocket, dollar saving to the community in the form of the rent for another house which the community consequently does not have to expend.
"The husband's separate property unquestionably did produce `profits' to the community, and, in the supreme court's words in [Succession of] Ratcliff, supra, [209 La. 224] 24 So.2d [456] at 460 [1945], `it is but just, equitable and proper that the ordinary expenditures required in the production of such profits and in the preservation of the property should be borne by the community.' ..."
On the basis of the reasoning of the Hurta case, we think the trial judge in the present case was correct in limiting the reimbursement to one-half the amount of principal paid on the mortgage notes for the period before January 1, 1980.
Neither the codal underpinnings nor the logic of Hurta were changed by the new Matrimonial Regimes Law (Act 709 of 1979), effective January 1, 1980, as applied to the present issue. It is true that present articles 2364 and 2366 changed the measure of reimbursement from one-half the *431 enhanced value to one-half of the community property so used. These articles read:
"Art. 2364.
"If community property has been used to satisfy a separate obligation of a spouse, the other spouse is entitled to reimbursement upon termination of the community property regime for one-half of the amount or value that the property had at the time it was used."
"Art. 2366.
"If community property has been used for the acquisition, use, improvement, or benefit of the separate property of a spouse, the other spouse is entitled upon termination of the community to one-half of the amount or value that the community property had at the time it was used."
However, applying the reasoning of Hurta and looking at present laws in pari materia, we note that the fruits and revenues of Osborne's separate property (unless reserved by him, which was not done in this case) belonged to the community. Civil Code art. 2339. The use of Osborne's separate residence by the community was an enjoyment of the "natural and civil fruits" of the separate property. The cost of this benefit to the community included the payment of interest. Succession of Ratcliff, 209 La. 224, 24 So.2d 456 (1945). The principal payment on Osborne's notes went to the satisfaction of a separate obligation under article 2364, as well as to the "acquisition... or benefit of the separate property" under article 2366, and did not benefit the community at all. Therefore, the payment of the principal with community funds entitles the other spouse to reimbursement. On the other hand, the payment of interest benefitted the community, because this was a business cost of maintaining the natural and civil fruits of this separate property for the community's use. Therefore, the interest cost should not have been included in the amount to which the other spouse was entitled to reimbursement.
The record in the present case does not contain a breakdown of principal and interest for the mortgage note payments during the months that the community was in existence following January 1, 1980. For that reason we are unable to amend the judgment to correctly reflect the reduced amount of reimbursement to which Geraldine is entitled. It is necessary that we remand the case to the district court, and we do so with instructions that the district court determine the amount of interest paid on the mortgage notes from January 1, 1980, until the termination of the community, and deduct that amount from the judgment rendered herein. In all other respects, the judgment appealed is affirmed. Costs of this appeal shall be borne equally by the parties.
AFFIRMED IN PART; AMENDED IN PART; AND REMANDED.