522 So.2d 694 (1988)
Paul J. DUPRE,
v.
Martha Jill Dawson, wife of Paul J. DUPRE.
No. 87-CA-544.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1988.
Writ Denied May 6, 1988.
Bernard J. Rice, III, Gretna, for plaintiff/appellee.
Joseph P. Williams, Jr., Metairie, for defendant/appellant.
Before BOWES, GRISBAUM and GOTHARD, JJ.
GOTHARD, Judge.
This is an appeal by the ex-wife from a judgment of partition of the community.
Paul J. Dupre and Martha J. Dawson Dupre began partitioning their community in July, 1986, having been separated on mutual fault on May 23, 1985 and divorced on November 27, 1985. The community had terminated on October 5, 1984, following a petition for divorce filed by Mr. Dupre. The parties built a family home in 1982 on land purchased by Mr. Dupre prior to the marriage, borrowing money to construct the home through first and second mortgages. Mrs. Dupre was awarded use of the family home pending settlement of the community and has continued to live there with the couple's daughter. The *695 judgment of partition was signed on March 9, 1987, decreeing inter alia that the house is the separate property of Mr. Dupre.
Mrs. Dupre opposes two items of reimbursement in the judgment: 1) on mortgage payments made prior to termination of the community, she was not allowed reimbursement of half the community funds expended on interest; 2) on mortgage payments made after termination, the husband was reimbursed for half the total amount paid on the first mortgage, an amount she deemed to be part of his child support obligation.
Reimbursement on Mortgage Payments Made Prior To Termination
In his reasons for judgment the trial judge held:
As regarding reimbursement for mortgage payments made by each party, this Court holds that both the first and second mortgages are community obligations. See LSA-C.C. Articles 2360, 2361, 2363. Thus any payments made by either spouse prior to the termination of the community were made with community funds and hence, no reimbursement is allowed....
The appellant argues that article 2366[1] controls and she should be reimbursed for one-half the interest paid on the mortgages with community funds. She reasons that without the use of her half of the community funds to pay interest, Mr. Dupre's house could not have been built. While such may well be the case, she did sign the mortgage note and was equally obligated on the note. In the cases of Mc Key v. Mc Key, 449 So.2d 564 (La.App. 1st Cir.1984), Willis v. Willis, 454 So.2d 429 (La.App. 3rd Cir. 1984), and Dillenkoffer v. Dillenkoffer, 492 So.2d 71 (La.App. 5th Cir.1986), writ denied 494 So.2d 333 (La.1986), the spouse's entitlement to reimbursement was recognized as falling under article 2366 when the community funds were used in making mortgage payments on a separately incurred debt on the other spouse's property.
In both Willis and Dillenkoffer the court held that only the principal amount was reimbursable. Mrs. Dupre in our case has not sought reimbursement of principal, presumably because it is miniscule. We find no authority for reimbursement of community funds expended on a community debt, for principal or interest. Accordingly, the trial court's ruling is correct.
Reimbursement on Mortgage Payments Made After Termination
The trial judge ruled in his reasons for judgment that LSA-C.C. art. 2365 controlled the reimbursement of community mortgage payments made with separate funds after the community was terminated. That article provides for "reimbursement of one-half of the amount or value that the [separate] property had at the time it was used." He held that each party was entitled to half the amount expended on mortgage payments after October, 1984. In the judgment dated November 9, 1984 on rules for child custody, alimony pendente lite, child support, and for use and occupancy of the family home, no alimony pendente lite was awarded, child support of $200 was ordered paid by the father, the mother was granted use of the family home, and the husband was ordered to pay half the first mortgage note plus the entire second mortgage note. The divorce judgment dated November 27, 1985 gave Mrs. Dupre use of the family home pending partition of the community and adopted the previous orders for the husband to pay $200 child support, half the first mortgage note and the whole second mortgage note.
The appellant argues that the husband was not entitled to be reimbursed for the mortgage payments, as those amounts were part of his child support obligation under the above judgments and not to be reimbursed. Each provision in the judgments is a separate paragraph and we find *696 nothing to suggest that the appellant is correct.
In Patin v. Patin, 462 So.2d 1356 (La. App. 3rd Cir.1985), writ denied 466 So.2d 470 (La.1985), the court responded to a similar argument as follows, at 1359:
An order by the Court ordering one spouse to pay the community debts in order to maintain the property cannot be considered the same as alimony which must be awarded based on one spouse's needs and the means of the other spouse. The considerations behind the two awards are different and as such the husband was properly awarded recovery for one-half of the debts he incurred to preserve the community.
The trial judge apparently believed that Mr. Dupre was ordered to make the mortgage payments in order to preserve the property while his ex-wife and child occupied it, and he stated that, "Mr. Dupre's contributions were not intended to be in addition to support of the child and/or in lieu of alimony pendente lite." He had the entire record before him when he made this determination and we hold that the reimbursement to Mr. Dupre of half the amount of the mortgage payments made after termination of the community is correct.
For the reasons assigned above, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 2366 reads as follows in pertinent part:

If community property has been used for the acquisition, use, improvement, or benefit of the separate property of a spouse, the other spouse is entitled upon termination of the community to one-half of the amount or value that the community property had at the time it was used.