905 So.2d 300 (2005)
Ellis R. McGEE
v.
Patricia Ann Gabriel McGEE.
No. 2004 CA 0288.
Court of Appeal of Louisiana, First Circuit.
March 24, 2005.
Rehearing Denied May 16, 2005.
Alexis A. St. Amant, Sacha St. Amant, Baton Rouge, Counsel for Appellant/Plaintiff Ellis R. McGee.
*301 Terry T. Dunlevy, Hilary Taylor, Baton Rouge, Counsel for Appellee/Defendant Patricia Ann Gabriel McGee.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
McCLENDON, J.
On appeal in this action to partition a community, the husband challenges the trial court's designation of an obligation incurred jointly by both spouses during the existence of the community as his separate debt and the trial court's computation of his wife's claim for reimbursement. For the following reasons, we reserve in part and amend in part the judgment of the trial court.
Ellis R. McGee and Patricia Ann Gabriel McGee married in 1976. During their marriage and the existence of their matrimonial regime, the McGees secured a loan evidenced by a promissory note in favor of Premier Mortgage Company/Homestead Lending, Inc. (now Centrust). The loan was secured by a mortgage on a tract of immovable property that was obtained by Mr. McGee prior to his marriage to Mrs. McGee. The couple used the proceeds of the loan to construct a house on that property.
The McGees divorced in 2002. Subsequently, Ms. McGee filed a petition for the judicial partition of the community property. On October 1, 2003, the trial judge rendered judgment partitioning the community. Therein, among other things, the judge declared the tract of immovable property and all appurtenances located thereon to be the separate property of Mr. McGee and the loan to be the separate obligation of Mr. McGee. With respect to the above-mentioned loan, the court further awarded Ms. McGee reimbursement in the sum of $15,540.86, "one-half of all community funds paid toward the principal, excluding payments on interest" during the existence of the matrimonial regime of the parties. Mr. McGee appeals that judgment.
The trial judge's reasons for judgment reflect that she applied Civil Code articles 2359, 2360, 2361, and 2363 to the facts herein in classifying the loan as the separate obligation of Mr. McGee. LSA-C.C. art. 2359 provides that "[a]n obligation incurred by a spouse may be either a community obligation or a separate obligation." Furthermore, "[a]n obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation." LSA-C.C. art. 2360. "Except as provided in Article 2363, all obligations incurred by a spouse during the existence of a community property regime are presumed to be community obligations." LSA-C.C. art. 2361. In this regard, LSA-C.C. art. 2363 specifically provides as follows:
A separate obligation of a spouse is one incurred by that spouse prior to the establishment of a community property regime, or one incurred during the existence of a community property regime though not for the common interest of the spouses or for the interest of the other spouse. An obligation incurred after termination of a community property regime, except an obligation incurred for attorney's fees and costs under Article 2362.1, is a separate obligation.
An obligation resulting from an intentional wrong not perpetrated for the benefit of the community, or an obligation incurred for the separate property of a spouse to the extent that it does not benefit the community, the family, or the other spouse, is likewise a separate obligation.
*302 Initially, on appeal, Mr. McGee asserts that the trial court erred in applying these codal articles to the facts of this case. Mr. McGee avers that said articles are inapplicable herein because each uses the language "obligation of a spouse" (emphasis added), thereby limiting their application to debts incurred by one spouse rather than, as is the case herein, a debt incurred jointly by both spouses. Mr. McGee asserts that the proper analysis is simply that, because the obligation was incurred by both spouses during the existence of their matrimonial regime it is a community debt.
Recognizing the difficulty in applying Civil Code articles 2359-2361 and 2363 to certain factual scenarios,[1] we, too, question the applicability of these articles to obligations incurred jointly by both spouses. However, we need not reach that issue herein as applying either legal analysis to the facts of this case yields the same result  that is, that this debt is a community obligation.
It is undisputed that the loan in question was executed by both spouses during the existence of the parties' matrimonial regime. Therefore, applying the foregoing codal articles, there is a presumption that it is a community debt. LSA-C.C. art. 2361. This presumption can be rebutted if the debt is not incurred for "the common interest of the spouses." LSA-C.C. art. 2363. However, it is undisputed that this debt was incurred to construct a home in which the McGees resided during their marriage. Thus, the debt was incurred for the common interest of the spouses. Therefore, applying the foregoing articles, the debt would be a community obligation. Similarly, if the foregoing articles are inapplicable, because the debt was incurred during the marriage by both spouses, it would also constitute a community obligation. Therefore, we conclude that the loan clearly constitutes a community obligation, and the trial judge erred in classifying it as the separate obligation of Mr. McGee. We will reverse the portion of the trial court's judgment that classified the debt as the separate obligation of Mr. McGee and declare the debt to be a community obligation.
Mr. McGee further asserts that the trial court erred in ordering him to reimburse Ms. McGee the sum of $15,540.86, one-half of all community funds paid during the existence of the matrimonial regime toward the principal debt owed to Premier Mortgage.
Louisiana Civil Code article 2366 provides that "[u]pon termination of the community, the other spouse is entitled to one-half of the amount or value that the community assets had at the time they were used" for the benefit of the separate property. See McKey v. McKey, 449 So.2d 564, 567 (La.App. 1 Cir.1984). Therefore, Mr. McGee must reimburse Ms. McGee for the community funds used to build the house on his separate property. See Brehm v. Brehm, 00-0201, p. 4 (La.App. 5 Cir.6/27/00), 762 So.2d 1259, 1263, writ denied, 00-2286 (La.10/27/00), 772 So.2d 657. The proper measure of the reimbursement is "one-half of the amount or value that the community assets had at the time they were used," not the sums applied to the mortgage over the years. LSA-C.C. art. 2366; see Dupre v. Dupre, 522 So.2d 694, 695 (La.App. 5 Cir.), writ denied, 523 So.2d 1341 (La.1988). Mr. McGee listed *303 the amount of community funds used in building the house as $69,000.00. Therefore, one-half of the actual value of the community funds used is $34,500.00. It is undisputed that the balance of the loan at the time of the filing of the detailed descriptive lists was $44,082.81. Therefore, as a community obligation, Ms. McGee owed Mr. McGee one-half of the balance of the loan at the time of the partition, or $22,041.40.
After offsetting the amount of Ms. McGee's reimbursement by the amount of her loan obligation, we find that Mr. McGee owes Ms. McGee $12,458.60 for the use of community funds associated with the construction of a house on his separate property. Therefore, we will amend the judgment of the trial court to reduce the reimbursement award from $15,540.86 to $12,458.60.
For the foregoing reasons, we reverse the judgment of the trial court to the extent that it classifies the Premier Mortgage Company/Homestead Lending, Inc. (now Centrust) loan as the separate obligation of Ellis McGee and declare the loan to be a community obligation. We further amend the judgment to award Ms. McGee the sum of $12,458.60 for the reimbursement of principal paid on the loan, and affirm the judgment, as amended. Costs are to be shared equally by Patricia Ann Gabriel McGee and Ellis R. McGee.
REVERSED IN PART; AFFIRMED IN PART, AS AMENDED.
GAIDRY, J., concurs.
NOTES
[1] We note that where a loan, taken out jointly by both spouses, solely benefits one spouse, the application of these codal articles, including article 2363, leads to inconsistent classifications depending on whether the analysis is from the perspective of the husband or the wife.