WICKER, J.,
concurring in part and dissenting in part.
I,! respectfully concur partly in the result that Glenn is not bound by an alleged “judicial admission.” In my view, since Lisa did not assert the issue of this alleged “admission” at trial she is therefore precluded from raising it for the first time on appeal. See: Sherrod v. Sherrod, 97-907 p. 5 (La.App. 5 Cir.1998), 709 So.2d 352, 355, writ denied, 98-1121 (La.6/5/98), 720 So.2d 687.
I respectfully dissent from the portion of the majority opinion holding that the trial court did not err determining that the amounts paid for mortgage interest are not reimbursable because Lisa benefited from use of the home.
In the present case, Lisa did not have any community property ownership interest in Glenn’s separate property. The payment of interest did not benefit the community as a business cost of maintaining the “natural and civil fruits” of this separate property for the community’s use. See: Willis v. Willis, 454 So.2d 429, 431 (La.App. 3 Cir.1984) (relied on by Dillenkoffer v. Dillenkoffer, 492 So.2d 71, 75 (La.App. 5 Cir.1986), writ denied, 494 So.2d 333 (La.1986) (Payments for interest, taxes, and insurance are generally not considered as reimbursable expenses to the community because the community has had the benefit of using the house as the marital residence.)). Therefore, there were no “natural and civil fruits” of Glenn’s separate property which became community property.
*157 |2A case more closely on point is Lee v. Lee, 03-1483 (La.App. 3 Cir. 3/17/04), 868 So.2d 316. In Lee, the ex-husband’s separate funds and Audubon Agency funds in which he had an interest were used to make payments on the ex-wife’s home mortgage. The ex-wife asserted that he was not entitled to recover 100% of those funds. The court noted that the issue was not specifically addressed by the Louisiana Civil Code. The ex-wife argued that the reimbursement rules applicable to community property regimes, as in Willis, supra, also applied to the ex-husband’s claims.
The court found that the community property cases were inapplicable. In Lee, the spouses opted for a separate property regime. Therefore, there were no “natural and civil fruits” of the wife’s separate property which became community property, and the Willis analysis was inapplicable. The court allowed the ex-husband to recover all of his separate funds used to pay on the ex-wife’s mortgage. Lee, supra, 03-1483 at 3-6, 868 So.2d at 317-20.
Thus, Lisa is entitled to full reimbursement of all of her separate funds used to pay on Glenn’s mortgage.
For these reasons, I would amend the judgment in part, and as amended, affirm.