# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-221

MELANIE BLANCHARD TAUZIN

VERSUS

TODD CHARLES TAUZIN

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 90994
HONORABLE ROGER HAMILTON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## LEDRICKA J. THIERRY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Gary J. Ortego, Ledricka J. Thierry, and Wilbur L. Stiles, Judges.

**AFFIRMED IN PART; REVERSED IN PART; AMENDED IN PART AND RENDERED.**

**Chris Villemarette**
**Chris Villemarette, L.L.C.**
**3404 Moss Street**
**Lafayette, LA 70507**
**(337) 232-3100**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **Melanie Blanchard Tauzin**

**Lesley J. Beam**
**The Beam Law Firm, LLC**
**706 West University Avenue**
**Lafayette, LA 70506**
**(337) 534-0063**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Todd Charles Tauzin**

**THIERRY, Judge.**

### FACTS AND PROCEDURAL HISTORY

Plaintiff-Appellee, Melanie Blanchard Tauzin, and Defendant-Appellant, Todd Charles Tauzin, were married on November 27, 1996. The parties filed for divorce and the community property regime was terminated on October 11, 2021. They were divorced by a judgment dated June 22, 2022. No children were born of the marriage.

Since the parties disputed aspects of the community property regime, a Hearing Officer Conference Order was scheduled to take place on November 2, 2021. Due to the dispute over the community, the trial court issued a Temporary Restraining Order enjoining Melanie from transferring, moving, disposing of, alienating or otherwise encumbering any assets of the community. The parties were also ordered to provide a detailed descriptive list of all community property. The disputes were unable to be resolved at the conference and a trial on the merits was scheduled, and eventually held, on May 1, 2023.

It was established at trial that when the parties were married, Todd had a window and screen business, which he operated out of a building that the parties both noted was his separate property. Upon getting married, the parties erected a metal building on the same property where the business was located. It became the couple's home and the funds that paid for the erection of the structure were community funds earned by the couple. Upon being married, Melanie worked for Todd's screen and window business performing various clerical duties and some manual labor. During that time, she also worked part-time with the U.S. Postal Service. Melanie testified she continued to work for the screen and window business until October 2, 2004, when she became a full-time employee with the Postal Service.

Todd and Melanie were able to stipulate to many of the accounts owned by the parties. One stipulation was that Todd was entitled to his share of Melanie's retirement benefits with the Postal Service according to the *Sims* formula. All community assets were stipulated to, with the exception of two assets, a Kubota tractor and a 2019 utility trailer. The trial court held those two assets were to be sold and the proceeds distributed equally to Todd and Melanie. The parties also stipulated to certain reimbursements sought: (1) a $25,000.00 reimbursement to Todd for the use of his separate property which benefitted the community; (2) a $5,000.00 reimbursement to Melanie for the use of community funds that benefitted Todd's father; and (3) a $13,921.45 reimbursement awarded to Melanie for half of community funds spent on improving Todd's separate property.

A Judgment of Partition was rendered on June 23, 2023. A "Motion for Reconsideration/Motion for New Trial" was filed by Todd, who first complained that the district court did not allocate the assets from the bench that day, nor make a determination of the total equalizing payment that should be paid in this matter. Todd also took issue with three reimbursements granted by the trial court (the same reimbursements which are contested issues in this appeal). After a hearing on the motions, the trial court amended the judgment of partition solely "to reflect the appropriate amount of minimum wage amounts between November 27, 1996 and October 2, 2004," but in all other aspects the judgment for new trial was denied. This appeal followed, wherein Todd asserts the following assignments of error:

(1) The trial court erred in ordering a reimbursement of $83,804.00 to Melanie for her undocumented, uncalculated, unrecorded, alleged labor during the marriage helping her husband during his self-employment;

(2) The trial court erred in ordering a reimbursement to Melanie for the alleged painting of a building approximately seventeen years ago that was used by Todd to build his window screens;

(3) The trial court erred in ordering a reimbursement to Melanie for restoration of a separately owned 1967 Ford truck; and

(4) The trial court erred by incorrectly computing the equalizing payment required by La.R.S. 9:2801(A)(4).

## ANALYSIS

Todd's first three assignments of error pertain to three reimbursements the trial court awarded to Melanie that Todd asserts were contrary to Louisiana law. The law is well settled that the party seeking reimbursement has the burden of proving "by a preponderance of the evidence the nature of the indebtedness, whether the community obligation(s) were incurred for the ordinary and customary expenses of the marriage." *Krielow v. Krielow*, 93-2539 (La. 4/11/94), 635 So.2d 180, 187. A party seeking reimbursement of the payment of a community obligation with separate funds must prove "that separate funds existed and that those funds were used to satisfy [the] community obligation." *Williams v. Williams*, 07-541, p. 2 (La.App. 3 Cir. 10/31/07), 968 So.2d 1234, 1236. A trial court's findings as to whether reimbursement claims have been sufficiently established are generally reviewable under the manifest error standard of review. *Kline v. Kline*, 98-1206 (La.App. 3 Cir. 2/10/99), 741 So.2d 670. However, where one or more legal errors by the trial court interdict the fact-finding process, the manifest error standard is no longer applicable. The standard of review for mistakes of law by the trial court requires the appellate court to engage in a de novo review of the entire record and render a judgment on the merits. *See Rosell v. ESCO*, 549 So.2d 840, 844 n.2 (La. 1989); *Berthelot v. Berthelot*, 17-1055 (La.App. 1 Cir. 7/18/18), 254 So.3d 800.

I. *Reimbursement for Uncompensated Labor During the Marriage.*

Todd first challenges the district court's award of a reimbursement to Melanie for her allegedly uncompensated labor during the marriage in furtherance of Todd's

3

screen and window business. The trial court awarded Melanie minimum wage amounts for forty hours per week for the period between November 27, 1996 (when the parties were married) through October 2, 2004 (when Melanie began her full-time employment at the post office). That amount totaled $83,804.00. Todd argues Melanie did not meet her burden of proving her entitlement to that reimbursement at trial. We agree.

Permitted claims for reimbursement are set forth in Louisiana Civil Code Articles 2358 through 2368. The code article that Melanie sought this reimbursement under is La.Civ.Code art. 2368, titled "Increase of the Value of Separate Property." It provides:

> If the separate property of a spouse has increased in value as a result of the uncompensated common labor or industry of the spouses, the other spouse is entitled to be reimbursed from the spouse whose property has increased in value one-half of the increase attributed to the common labor.

The Louisiana Supreme Court in *Krielow*, 635 So.2d at 183, set forth what must be demonstrated under La.Civ.Code art. 2368 for a spouse to be entitled to reimbursement for any uncompensated common or community labor:

> The claimant spouse must first prove that common or community labor of the spouses was expended on separate property. A spouse should not be permitted to deprive the community of a spouse's earnings that would be community property when that community labor enhances or increases the value of the laboring spouse's separately owned property. If a claim exists because the laboring spouse was either uncompensated or undercompensated, the measure of reimbursement is one-half of the increase attributable proportionately to the uncompensated labor of the spouse. Katherine S. Spaht and W. Lee Hargrave, in *Matrimonial Regimes*, § 7.17, 16 *Louisiana Civil Law Treatise* (1989), carefully explain and discuss the controlling authorities derived from *Abraham v. Abraham*, 230 La. 78, 87 So.2d 735 (La. 1956).
>
> Under former Art. 2408, the jurisprudence required proof of 1) the condition of the property at the time of the marriage; 2) the value of the property at dissolution in the state it was at the time of the marriage; 3) the real value of said property with all of the improvements in the condition it was at the time of dissolution of the community; and 4) the

4

difference between the two estimates. The present Art. 2368 does not impose a greater burden. Spaht and Hargrave, supra, citing *Babin v. Nolan*, 6 Rob 508, 514 (1844); *McKey v. McKey*, 449 So.2d 564 (La.App. 1 Cir. 1984); and *Deliberto v. Deliberto*, 400 So.2d 1096 (La.App. 1 Cir. 1981).

A review of the testimony at trial showed that it was undisputed that income from Todd's screen and window business was used for personal living expenses and payment of business expenses. The parties stipulated that the net profits made during their marriage were included into the community. While Melanie argued Todd directed much of the profits of the business into his separate property residence, Melanie failed to produce any evidence of what portion, if any, of that income went towards separate property as opposed to community funds the parties used for living expenses. Thus, Melanie was unable to prove that common or community labor of the spouses was expended on separate property.

Melanie was also unable to establish any increase in value in Todd's business as La.Civ.Code art. 2368 requires. When Melanie was asked at trial whether she had any "evidence of the value of Mr. Tauzin's business before you all were married or after you helped him during the business," she responded "No." Melanie also failed to produce any expert testimony or accounting data to establish any value for Todd's business, nor that there was any increase in the value of the business, which La.Civ.Code art. 2368 requires to establish a valid claim for reimbursement. The reimbursement allowed under La.Civ.Code 2368 has no direct correlation to wages, but rather "the measure of reimbursement is one-half of the increase attributable proportionately to the uncompensated labor of the spouse." *Krielow*, 635 So.2d at 183.

Melanie cites *Craft v. Craft*, 40,344 (La.App. 2 Cir. 10/26/05), 914 So.2d 648, in support of her argument that the trial court's reimbursement was proper in this case. We find *Craft* actually supports Todd's position that Melanie failed to prove

5

her entitlement to the reimbursement in the present case. In *Craft*, the husband was the sole proprietor of his dirt and construction business. The evidence established the husband paid himself a nominal amount (approximately $20,000.00 per year) from the separate business. The trial court concluded, and the appellate court agreed, that the husband had paid himself only a nominal salary and that the unpaid income was retained in the business and used to decrease the business's debt and increase its' equity. Instead of the husband receiving a higher salary for his labor or dividends from the corporate earnings, those fruits of his business labors, which would have fallen into the community, were used instead to reduce the corporate debt and increase the retained earnings in the separate property business. As opposed to the present case, the wife in *Craft* produced testimony from an accountant to establish that there was a $7,053.67 increase in the value of the husband's business. Therefore, the trial court found she was entitled to one-half of the proven increase in the value of the husband's separate property business under La.Civ.Code art. 2368 and awarded her a reimbursement of $3,526.84 (half the amount of the $7,053.67 gain in the business's retained earnings and equity). The appellate court affirmed.

As discussed above, Melanie did not present any evidence to establish any increase in the value of Todd's separate business as a result of any uncompensated labor on her part. Therefore, the reimbursement awarded by the trial court in the Amended Judgment of Partition to Melanie in the amount of $83,804.00 is contrary to the law and evidence in this matter. Accordingly, that reimbursement is reversed and stricken from the Amended Judgment of Partition.

II. *Reimbursement for Painting of a Building*.

In his second assignment of error, Todd argues the trial court erred in ordering a reimbursement to Melanie for the painting of a building approximately seventeen

6

years ago that was used by Todd to build his window screens. The record established Todd owned a separate property building where he operated his screen and window business. Melanie testified she painted both the exterior and interior of the business, receiving no compensation for her work. Todd's testimony acknowledged the fact Melanie painted the building. The district court found that Melanie had a valid reimbursement claim, but awarded the reimbursement "upon proof of the cost of labor and materials to paint the building twice." Thus, although finding a reimbursement was warranted to Melanie, no amount was given as it appears there was no evidence presented at the hearing to establish any value or community funds expended in painting the building.

Similar to the discussion in the above assignment of error, Melanie failed to produce any evidence of the value of the asset that she painted at the time of the marriage or divorce. Therefore, she has failed to meet her burden of proving she is entitled to a reimbursement. Without proof of the increase in the value of the asset, there can be no reimbursement award in any amount.

We do note that La.Civ.Code art. 2366 provides in pertinent part:

> If community property has been used during the existence of the community property regime or former community property has been used thereafter for the acquisition, use, improvement, or benefit of the separate property of a spouse, the other spouse is entitled to reimbursement for one-half of the amount or value that the community property had at the time it was used.

Thus, if Melanie established that community funds had been used to purchase paint and other materials used in the painting of Todd's separate property, she could be entitled to reimbursement for one half of that amount. However, no such proof was offered at the hearing to establish any such use of community funds. Accordingly, that reimbursement is reversed and stricken from the Amended Judgment of Partition.

7

*III.    Reimbursement for Restoring Todd's Separate Property Truck.*

In his third assignment of error, Todd argues the trial court erred in ordering a reimbursement to Melanie for the use of community funds used to restore Todd's separate property truck. The trial court granted a non-quantifiable award to Melanie "upon proof of the value upon which the truck increased as a result of the restoration." It appears the trial court's award was erroneous in that it tied the award to the value of the truck rather than the actual community funds used for the restoration, as would be allowable under La.Civ.Code art. 2366. Under that article, any reimbursement is tied to "one-half of the amount or value that the community property had at the time it was used."

As opposed to the reimbursement discussion in the previous assignment of error involving the reimbursement to Melanie for the painting of Todd's separate property building, there is evidence in the record of the amount of community funds used to repair Todd's truck. At trial, Todd testified as follows:

> Q. Did you use that money to – you had a '67 Ford truck. Did you use the money to fix that up?
>
> A. Not from the business, no.
>
> Q. Where did [the] money come from?
>
> A. The personal account.
>
> Q. Which came from the business account?
>
> A. Well, it's my profit, my income.
>
> Q. It's y'all's profit and income.
>
> A. Well, yes.
>
> Q. How much did you spend on the '67 truck?
>
> A. Oh, somewhere around five. I don't have an exact total, around 5000.
>
> Q. You still have it?

8

A. Yeah.

Thus, the record does appear to contain the requisite information for Melanie to be entitled to a reimbursement of $2,500.00, one-half of the $5,000.00 in community funds Todd testified he used to restore the truck. Therefore, we affirm the trial court's Amended Judgment of Partition that awarded Melanie a reimbursement for the use of community funds used to restore Todd's separate property truck. We amend the judgment to reflect the amount of this reimbursement to be $2,500.00.

IV. *Equalizing Payment Due Under La.R.S. 9:2801(A)(4).*

In his final assignment of error, Todd argues the trial court incorrectly computed the equalizing payment required by La.R.S. 9:2801(A)(4). In a partition of community property, "[t]he court shall divide the community assets and liabilities so that each spouse receives property of an equal net value." La.R.S. 9:2801(A)(4)(b). "In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, . . ." La.R.S. 9:2801(A)(4)(d).

In the Amended Judgment of Partition, the trial court ordered Todd to pay "an equalizing payment to MELANIE TAUZIN in the full and true sum of [$156,177.95)], after taking into account all claims for reimbursements, accountings, pursuant to Louisiana Civil Code Article 121, *et seq.*, and any and all other claims whatsoever arising from the community of acquets and gains formerly existing between them." However, with the striking of the $83,804.00 reimbursement awarded to Melanie, as well as the amending of the judgment to value Melanie's reimbursement of $2,500.00 for the use of community funds to restore Todd's separate property truck, the equalizing payment set forth in the Amended Judgment

9

of Partition is clearly erroneous.[1]  As the record contains sufficient evidence of the stipulated assets assigned to the parties, this court can determine the correct equalizing payment due in this matter.  *Young v. Young*, 06-77 (La.App. 3 Cir. 5/31/06), 931 So.2d 541.

The record is clear that the trial court, with the exception of two items, a Kubota tractor and a 2019 utility trailer, which it ordered to be sold and the proceeds split, allocated all of the joint assets and the assets in possession of or in the name of Todd to him; and all assets in the possession of or in the name of Melanie to her. The stipulated value of the assets awarded to Todd were in the following amounts:

    (1) Preston Guidry immovable property      $40,000.00;
    (2) State Farm Deferred Life Annuity - IRA    $85,859.98;
    (3) Increase in F&M Bank Business Account    $12,866.72;
    (4) F&M Bank Joint Savings Account      $70,661.00;
    (5) F&M Bank Joint Checking Account     $ 2,208.97;
    (6) State Farm Life Plan in Todd's Name     $13,778.83;
    (7) 2013 Ford F-150            $ 7,437.00;
    (8) Ex Mark TR Mower         $ 4,000.00

The total amount of the assets allocated to Todd was $236,812.50.  The parties do not dispute this figure.

The stipulated value of the assets awarded to Melanie were in the following amounts:

    (1) Thrift Savings Plan in Melanie's Name     $87,439.37;
    (2) F&M Bank Checking Account in Melanie's Name   $23,717.65;
    (3) State Farm Life Plan in Melanie's Name    $ 7,047.00;
    (4) 2015 Jeep Wrangler Unlimited      $16,393.00
    (5) 2019 Nissan Rogue SV        $23,003.00

The total amount of the assets allocated to Melanie was $157,600.02.  There also is no dispute of this figure.

---

[1] We also note, even were this court to have found the $83,804.00 reimbursement the trial court awarded to Melanie was appropriate, and not including the amended reimbursement amount of $2,500.00, the equalizing payment Melanie would have been entitled to would have been $117,331.69, rather than $156,177.95.

There were no community liabilities, so the total value of the allocated assets and liabilities of the community was $394,412.52 (Todd's $236,812.50 plus Melanie's $157,600.02). Thus, each party would have to receive $197,206.26 in assets for there to be an equal net distribution. Since Melanie only received assets totaling $157,600.02, she would be owed an equalizing payment of $39,606.24 **before** computation of the reimbursements owed in this matter.

The reimbursements awarded that are **not** disputed are: (1) a $25,000 reimbursement to Todd for the use of his separate property which benefitted the community; (2) a $5,000 reimbursement to Melanie for the use of community funds that benefitted Todd's father; and (3) a $13,921.45 reimbursement awarded to Melanie for half of community funds spent on improving Todd's separate property.

As noted above, the $83,804.00 reimbursement awarded to Melanie for her alleged unpaid labor is reversed and stricken from the judgment. We also have reversed the portion of the judgment granting Melanie a reimbursement for the painting of Todd's separate property building (although the trial court never set any amount for that reimbursement). Lastly, we amended the judgment to value the reimbursement awarded to Melanie at $2,500.00 for the community funds utilized by Todd to restore his separate property truck. Therefore, we must add $2,500.00 as a reimbursement awarded to Melanie. Along with the prior $5,000.00 and $13,921.45 reimbursements awarded to Melanie, that amounts to a total of $21,421.45 in reimbursements to be added to the original equalizing payment of $39,606.24, totaling $61,027.69. We then must subtract the reimbursement of $25,000.00 due to Todd from that amount, which results in a final equalizing payment of $36,027.69 which Todd owes to Melanie. Therefore, we amend the judgment to reflect that Todd owes Melanie an equalizing payment in the amount of $36,027.69.

11

## DECREE

For the foregoing reasons, the portion of the Amended Judgment of Partition awarding Melanie Blanchard Tauzin a reimbursement in the amount of $83,804.00 for her alleged unpaid community labor is reversed and stricken from the judgment. The portion of the judgment awarding Melanie Blanchard Tauzin a reimbursement for the painting of a separate property building is reversed and stricken from the judgment. We affirm the portion of the judgment awarding Melanie Blanchard Tauzin a reimbursement for the use of community funds used by Todd Charles Tauzin to restore his separate property truck; and amend the judgment to reflect the amount of this reimbursement to be $2,500.00. Lastly, we amend the judgment to reflect the equalizing payment owed by Todd Charles Tauzin to Melanie Blanchard Tauzin to be in the amount of $36,027.69. All costs of this appeal are assessed equally to the parties.

**AFFIRMED IN PART; REVERSED IN PART; AMENDED IN PART AND RENDERED.**

12